## Smith *v.* Pittsburgh Coal Company, Appellant.

*Workmen's compensation—Hernia—Findings of referee.*

1. In an action under the Workmen's Compensation Act, for compensation for disability resulting .from a hernia, alleged to have been sustained by claimant in lifting the end of a coal car, the findings of fact by the referee, sustained by the Workmen's Compensation Board and the Court of Common Pleas, based on sufficient evidence, are final.

2. Where the referee found that the plaintiff suffered an umbilical rupture while in the course of his employment, assisting his father to put a coal car on the track, and that the lifting of the car and the strain of the abdominal pressure therefrom caused the hernia, the injury must be considered compensable and the award of the Workmen's Compensation Board will be sustained.

Argued May 3, 1918.   Appeal, No. 8, April T., 1918, by defendant, from judgment of C. P. Allegheny Co., July T., 1916, No. 1882, dismissing appeal from order of Workmen's Compensation Board allowing claim in case of James Smith v. Pittsburgh Coal Co.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Appeal from order of Workmen's Compensation Board affirming award of referee.   Before SHAFER, P. J.

The facts are stated in the opinion of the Superior Court.

The court below, in dismissing appeal from order of Workmen's Compensation Board, filed the following opinion:

In this case the employer, the Pittsburgh Coal Company, has appealed from the award of the Workmen's Compensation Board allowing compensation to James Smith, the claimant, under Article III of the act known as the Workmen's Compensation Act of 1915. The claimant was admitted in the employ of the coal company, and in the mine belonging to the company he suffered a rupture or umbilical hernia while attempting to lift a car back upon the track. The referee and the board find as a fact that in almost all cases of hernia, except those caused by a direct blow upon a previously perfect abdominal wall, there was some previous imperfection of the abdominal wall, either congenital or the result of disease or a previous hernia. The board holds as a matter of law, following the decisions of the English Courts of Appeal and the Boards of Illinois, Wisconsin and Michigan, that where a strain causes a protrusion of the bowels it is a compensable injury, even though the injury is at a point weakened as above stated.

The employer in this case contends that the preëxisting condition of the claimant's body was the cause of the injury and not his effort to lift the car. It would be unprofitable to undertake to discuss the metaphysics of cause and effect, or to undertake to lay down any rule by which events which precede other events may be determined to be or not to be causes of them. We have to deal with a matter which is not metaphysical but practical. The real question is, of what nature and extent a bodily defect or a bodily condition different from that of the average man must be to require us to determine that an accident which would not have harmed a normal person was not the cause of the injury, or what is more to the purpose in the present case, is not compensable under the act. It is perfectly plain that an accident which would do no harm to one person may do great

harm to another. The bones of some men are much more brittle than those of others, and a fall occasioned by accident may break an arm or leg although many persons, or almost every person, might get the same fall without receiving such injury. In such a case as that no one would contend that the injury was not caused by the accident. On the other hand, there may be cases, which we need not attempt to illustrate, where the bodily defect is of such a nature that an accident which caused injury by reason of the abnormality could not be properly said to have caused the injury in the meaning of the act. It is impossible to draw any definite line between these two classes of cases. We do not deem it necessary to enter into a discussion of the numerous cases which have been cited. We are not convinced that the view taken by the board is incorrect. The danger of fraud upon employers in such cases, which is no doubt a real danger, may be a matter for regulation by law. The appeal is therefore dismissed, and the award affirmed.

*Error assigned* was the affirmance of the award of the referee.

*T. A. Miller,* and with him *Don Rose,* for appellant.— The injury complained of was not caused by any accident incurred in the course of employment: U. S. Mutual Accident Association v. Berry, 131 U. S. 100; North American Life & Accident Company v. Burroughs, 69 Pa. 43; Beaton v. Hero Manufacturing Co., 2 Pa. Department Reports 845; Madden's Case, 222 Mass. 487; Crowley v. Lowell, 111 N. E. 786; Adams v. Acme White Lead Works, 148 N. W. 485; 6 Negligence and Compensation Cases Annotated, Case Note, page 393.

*W. J. Brennen,* and with him *Acheson & Crumrine,* for appellee.—The claimant was injured in the course of his employment and is entitled to compensation under the

Arguments—Opinion of the Court. [71 Pa. Superior Ct.

Workmen's Compensation Act: Corpus Juris, Vol. I, 390; Corpus Juris, Vol. I, 427; Corpus Juris, Vol. I, 429; Fenton v. Thorley, 19 L. T. R. 648; Ismay v. Williamson, 24 L. T. R. 881; Clover, Clayton & Co. v. Hughes, 3 B. W. C. C. 275; Bryant v. Fissell, 3 N. C. C. A. 585; Boody v. K. & C. Manufacturing Co., 5 N. C. C. A. 840; Vennen v. Newdells Lumber Co., 10 N. C. C. A. 729; McArdle v. Swansea Harbour Trust, 11 N. C. C. A. 175; Hey v. Liability, etc., Co., 181 Pa. 220; Burkhard v. Traveller's Insurance Co., 102 Pa. 262; Pickett v. Insurance Co., 144 Pa. 79; N. A. Life & Acc. Ins. Co. v. Burroughs, 69 Pa. 43; In re McNichol et al., 4 N. C. C. A. 522; Schnader and Storey's Pennsylvania Workmen Compensation Law, 164 and 165.

The injury sustained was through violence to the physical structure of the body and, even if there was a predisposition to hernia, such predisposition does not preclude the claimant from recovery: Schnader and Storey's Pennsylvania Workmen's Compensation Law, 133; James G. Smith v. General Crushed Stone Co., 2 Dep. Rep. 1022; Miller v. F. & C. Co., 97 Fed. 836; Moon v. Order of United Commercial Travelers, 52 L. N. S. 1203; Fidelity & Casualty Co. v. Meyer, 44 L. N. S. 493; Driskell v. Ins. Co., 177 Mo. 364; Continental Casualty Co. v. Lloyd, 165 Ind. 52; Hooper v. Standard L. & A. Ins. Co., 166 Mo. A. 209; Thornton v. Travelers Ins. Co., 116 Ga. 121; Poccardi v. Public Service Commission, 8 N. C. C. A. 1065; Zappala v. Industrial Insurance Commission of Washington, L. R. A., 1916-A, 295; Beare v. Garrod, 10 N. C. C. A. 756; In re Brightman, 8 N. C. C. A. 102; Voorhees v. Smith Schoonmaker Co., 7 N. C. C. A. 646; Kelly v. Pittsburgh Casualty Co., 256 Pa. 1.

OPINION BY PORTER, J., April 21, 1919:

This case originated by the filing of a claim petition by appellee under the Workmen's Compensation Act of

1915 for compensation for disability resulting from umbilical hernia or rupture alleged to have been sustained by him in lifting the end of a coal car while employed by appellant in one of its mines. The referee allowed the plaintiff compensation during the period for which he was disabled. The defendant appealed to the Workmen's Compensation Board, alleging errors of law on the part of the referee, but the board dismissed the appeal. The defendant then appealed to the court below, which affirmed the finding of the board, and from that action we have this appeal.

We must accept the findings of fact by the referee and the Workmen's Compensation Board as final, and upon those findings the rights of these parties are to be determined. The appellant contends that the findings of the referee do not establish a case in which the claimant is entitled to "compensation for personal injury to, or for the death of such employee, by an accident, in the course of his employment." The referee found that the plaintiff suffered an umbilical rupture while, in the course of his employment, assisting his father to put a coal car upon the track, the father bearing his weight on one end and the claimant lifting on the other. That the lifting of the car and the strain of the abdominal pressure resulting therefrom caused the hernia. The learned counsel for the appellant argues that because the evidence did not establish and the referee did not find that "there was any breaking, slipping or jarring of the car—only the muscular exertion required by the lifting," the injury which the plaintiff sustained cannot be held to be "by an accident," within the meaning of the Workmen's Compensation Act of 1915. It is argued that the legislature contemplated that the injury, in order to be compensable, must be caused by the application of some external force, the occurrence of some unforseen or unexpected event, other than the injury itself, of which the employee himself is not the agent. The argument goes to the extent of maintaining that the accident must

be in the external circumstances of the injury, the events leading up to it; that the word "accident" or "accidental" cannot be held to apply to the injury itself but must be confined to the source of the injury. This question has been ably and interestingly argued, by the learned counsel for the appellant and the appellee, and the English case of Fenton v. Thorley & Co., L. R. 1903, Appeal Cases 443; 19 Law Times Rep. 648, and many other authorities have been cited. We do not deem it necessary, however, to discuss the question for the reason that we must accept it as settled by the decision of the Supreme Court in Wolford v. Geisel M. & S. Co., 262 Pa. 454. In that case the claimant was engaged in the operation of moving a heavy piano. "His suffering dated from that time until his death. He continued to work until May 11th, at noon, when he was obliged to give up because of his being incapacitated. His physician found that he was suffering from severe pain in his right side extending down through the abdomen into the leg. After his death an autopsy was held and it was found he had an abscess under the right kidney and that this abscess had produced pneumonia which caused his death. His physician reported the cause of his death as perinephritic abscess due to the injury received in moving a piano on May 4th, abscess followed by localized peritonitis." Another physician testified, as stated in the report of the Workmen's Compensation Board, that the abscess was the result of an injury and that the abscess could not have originated from natural causes. There was in that case no suggestion of an external accident, or unusual incident in the operation in which the employee was engaged. The injury to the employee was the only unusual or unexpected occurrence. The strain to which the employee had voluntarily subjected his body in the course of his employment had proved to be greater than it could bear, and the injury resulted. With the facts so found the Supreme Court said: "This chain of circumstances therefore justified the inference

that the accident produced the abscess and the abscess caused pneumonia which resulted in the death of Wolford."

Counsel for appellant further contend that this claimant was not entitled to compensation for the reason that there was in his case a congenital predisposition to hernia. The referee stated in his report that the claimant testified that two summers before the accident, while he was swimming, he discovered a small lump, about the size of a pea, on the abdomen in the same region of the present hernia. Doctor Weil, the physician who operated upon him after the accident, testified that in view of this history of the case and the condition which he found, there must have been a weakness of the abdominal wall at that point, and that hernia was not curable without an operation. The referee further found that this condition of the plaintiff had never caused him any pain, inconvenience, or disability prior to this accident; that he underwent a physical examination, by the physician of the defendant company, a short time prior to the accident, for the purpose of ascertaining his condition, and that the physician told him he was all right. The report of the physician to the defendant company was not offered in evidence. The opinion of the learned president judge of the court below, which will appear in the report of this case, so satisfactorily disposes of this branch of the contention of the appellant that we deem it unnecessary to discuss it further.

The judgment is affirmed and the appeal dismissed at cost of the appellant.