## Whittle *v.* National Aniline & Chemical Co., Appellant.

*Workmen's compensation—Death—Disease—Aggravation of disease—Findings of referee.*

1. A finding of a referee under the Workmen's Compensation Act that an employee of a chemical company died as the result of injuries received in the course of his employment, will be sustained, where such finding, based on sufficient medical evidence, is in

effect that at the time of the accident deceased was suffering from malignant cancer or carcinoma, although, at the time, its development had not reached the stage to cause him inconvenience, and was not noticeable; that the natural course of the disease was gradual and slow; that the development after the accident was not such as would have been expected without an intervening cause; that, as the beginning of the rapid growth was coincident with the accident, and as there was nothing to indicate another cause, death resulted from the accident.

2. An objection that there was absence of a finding that death was hastened by the accident is sufficiently answered by a finding that "this rapid development continued and progressed until it finally caused the decedent's death."

3. In such a case, a statement was made by the referee that the medical testimony "indicated that a local injury might cause an otherwise slow growing cancer to light up and develop with great rapidity." It was argued that the language used was not evidence that the local injury aggravated the disease and should be considered merely as evidence that it might do so, and, consequently, was insufficient proof that such result followed in this case. *Held,* while a strict interpretation of the language used by the referee would justify the criticism made, if the purpose was to state the precise substance of the medical testimony as applied to this particular case, yet a careful reading of the paragraph in which the clause in question was used fails to convince the court that the referee intended to do no more than make a general statement of probable cause and effect applicable to such cases in general, or had in mind that the medical testimony in this case went only so far as to say the injury might have been the cause of the rapid development of the cancer.

4. As those charged with the responsibility of finding the facts in cases arising under the Workmen's Compensation Act, are not learned in the law, the courts cannot look for the same precision in their adjudications that otherwise might be insisted upon.

Argued January 6, 1920. Appeal, No. 10, Jan. T., 1920, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1918, No. 2086, affirming a decision of the Workmen's Compensation Board in case of Emma Whittle v. National Aniline & Chemical Co. and The Fidelity & Casualty Co. of New York, Insurance Carrier. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal from the decision of the Workmen's Compensation Board. Before WESSEL, J.

The court overruled exceptions to the decision of the board, and dismissed the appeal. Defendants appealed.

*Error assigned* was dismissal of the appeal.

*William G. Wright,* with him *Robert P. F. Maxwell,* for appellant.—There is a total lack of legal evidence to sustain the adjudication of the referee that the accident aggravated the cancer or that it accelerated its growth: McCauley v. Imperial Woolen Co., 261 Pa. 312.

Medical testimony to the effect that an accident and injury may have caused a definite physical effect is no evidence that it did cause that effect; to sustain such a finding there must be evidence that, in the opinion of a physician, it did cause that effect: Moss v. Phila. R. Transit Co., 42 Pa. Superior Ct. 466; Blasband v. Phila. R. Transit Co., 42 Pa. Superior Ct. 325; Albert v. Phila. R. Transit Co., 252 Pa. 527; McCarthy v. Phila. R. T. Co., 42 Pa. Superior Ct. 526.

There is no finding that the accident caused the death of the decedent or that it hastened his death.

*Augustus T. Ashton,* with him *Victor Frey,* for appellee.—It is respectfully submitted that the evidence would have justified the referee in having used the phrase "that a local injury would cause an otherwise slow growing cancer to grow with great rapidity." The mere fact that his finding is phrased in language with which fault may be found by a fine analysis, will not prevail against the rule that the Workmen's Compensation Act is to be liberally construed and applied: Flucker v. Carnegie Steel Co., 263 Pa. 113.

There was a finding that death was hastened by the injury: Clark v. Lehigh V. R. R. Co., 264 Pa. 529.

OPINION BY MR. JUSTICE FRAZER, February 23, 1920:

Defendant, the National Aniline & Chemical Company, appeals from a decree dismissing exceptions to an award of the Workmen's Compensation Board in favor of the widow and child of a deceased employee of appellant company, made on the ground that death was the result of an injury, occurring during the course of his employment, which aggravated an existing disease and hastened death.

On November 12, 1917, a still in appellant's plant exploded violently carrying deceased, who was nearest at the time, a distance of thirty feet. The only apparent physical injury suffered as a result of the explosion was a bruise on the left side of his face. This mark disappeared in a few days; but there remained a pain in his jaw first noticed the evening of the accident. The intensity of the pain continued to increase during the week and upon examination the trouble was diagnosed by two physicians as a malignant cancer, termed carcinoma. On November 28th, the affected parts were removed by an operation which gave temporary relief; a recurrence of the disease, however, a few months later, resulted in the death of plaintiff's husband on May 21, 1918, more than six months after the happening of the accident. The claim for compensation was based on the theory, first, that the injury to decedent's face caused the carcinoma; and, second, that there had been a tumor on his face, which the injury changed to carcinoma. The medical testimony was conflicting and the referee found as a fact that the first theory was not supported by the evidence and that, at the time of the accident, deceased had been suffering from carcinoma of the cheek at or near the place of injury, that the natural development of the disease was gradual and slow, but, owing to aggravation caused by the accident, the growth was changed to a rapid development, finally resulting in death.

Appellant's counsel contends the record shows a total absence of legal evidence to sustain the finding of the

referee that the accident aggravated the cancerous condition and caused death at an earlier period than would otherwise have occurred, and in support of this contention refers to the language of the referee that the medical testimony "indicated that a local injury might cause an otherwise slow growing cancer to light up and develop with great rapidity." The argument is that this language is not evidence that the local injury aggravated the disease and should be considered merely as evidence that it might do so and, consequently, is insufficient proof that such result followed in this case, relying upon the principles laid down in Albert v. Phila. R. Transit Co., 252 Pa. 527; Blasband v. Phila. R. Transit Co., 42 Pa. Superior Ct. 325. While a strict interpretation of the language used by the referee would justify the criticism made, if the purpose was to state the precise substance of the medical testimony as applied to this particular case, yet a careful reading of the paragraph in which the clause in question was used fails to convince us that the referee intended to do no more than make a general statement of probable cause and effect applicable to such cases in general, or had in mind that the medical testimony in this case went only so far as to say the injury might have been the cause of the rapid development of the cancer. This is especially true, in view of the subsequent statement that the beginning of the rapid growth was coincident with the accident and there was nothing otherwise to indicate any other cause for the sudden change in development from normal to abnormal, and the formal finding, following, to the effect that the aggravation of the disease was caused by the accident. The record shows at least four medical experts were called and examined, and, in absence of more definite proof, we cannot conclude the referee's final finding was not supported by testimony.

It should be borne in mind that those charged with the responsibility of finding the facts in cases of this class are not required to be learned in the law, consequently

we cannot look for the same precision in their adjudications that otherwise might be insisted upon: Flucker v. Carnegie Steel Co., 263 Pa. 113.

The referee found from the testimony of the physicians that the natural course of carcinoma is gradual and slow and, though the evidence showed that before the accident decedent was suffering from this disease, its development had not reached the stage to cause him inconvenience and was not noticeable. He further found the development after the accident was not such as would have been expected without an intervening cause which might be supplied by a local injury to the affected part. The further finding followed that, since the beginning of the rapid growth was coincident with the happening of the accident and there was nothing in the evidence to indicate another cause, the conclusion was that death resulted from the accident. While the testimony of the physicians is not before us, it sufficiently appears in the findings that the referee did not act without proper evidence as the basis of his conclusion that decedent's premature death was caused by a preëxisting disease aggravated by the accident. The objection that there was absence of a finding that death was hastened by the accident is sufficiently answered by the tenth finding that "this rapid development continued and progressed until it finally caused the decedent's death."

The judgment is affirmed.