## Davis v. Davis, Director General, Appellant.

*Workmen's Compensation Law—Claim for compensation—Loss of eye—Proximate cause—Expert testimony—Hearing de novo—Practice.*

In a claim under the Workmen's Compensation Law where expert testimony must be relied on to show the connection between the alleged cause and a certain result, the medical experts must testify that in their opinion the claimant's disability not only could, but also most probably did, result from th? cause alleged.

But where the injuries are so immediately and directly, or naturally and probably, the result of the accident that the connection between them does not depend solely upon the testimony of the experts, this rule does not apply.

Where a claimant was hit in the right eye with some small pieces of hot steel and after a period of treatment, during which he suffered continuous pain, lost the sight of the eye, there is sufficient evidence to sustain an award.

*Workmen's Compensation Law—Hearings de novo—Procedure.*

Under the provisions of the Workmen's Compensation Act of 1915, P. L. 736, as amended by the Act of 1919, P. L. 642, the testimony upon a hearing or rehearing or hearing de novo may be taken before the board itself, or, for the convenience and accommodation of the parties, before a referee, or even by depositions directed by the board. The practice on such new hearing as respects the taking of the testimony, is not necessarily different from the first. The

344    DAVIS *v.* DAVIS, Director Gen., Appellant.

main difference is that the board, instead of the referee, makes the necessary findings and award from the evidence before it.

Argued October 23, 1922.  Appeal, No. 122, Oct. T., 1922, by defendant, from judgment of C. P. Blair County, Oct. T., 1921, No. 112, affirming award of Workmen's Compensation Board in the case of Charles L. Davis v. James C. Davis, as Agent, Operating The Pennsylvania Railroad Company, Appellant. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from award of Workmen's Compensation Board. Before BALDRIGE, P. J.

The facts are stated in the opinion of the Superior Court.

The court sustained the award of the Workmen's Compensation Board. Defendant appealed.

*Errors assigned,* were in dismissing exceptions and the decree of the court.

*Harry Z. Maxwell,* and with him *Riley & Hicks,* for appellant.

*W. C. Fletcher,* and with him *Walter J. Henry,* for appellee.

OPINION BY KELLER, J., March 2, 1923:

The court below sustained the award of the Workmen's Compensation Board and entered judgment in favor of the claimant.  Appellant asks for a reversal on two grounds: (1) Because the medical experts failed to testify that in their professional opinion the claimant's disability not only could, but also most probably did, result from the cause alleged.  (2) Because the board, on the hearing de novo, did not hear the evidence of the

witnesses, but their testimony, by direction of the board, was taken before a referee.

(1) The first ground is based on the ruling of the Supreme Court in Fink v. Sheldon Axle & Spring Co., 270 Pa. 476, and kindred cases. We are of opinion, however, that the facts in this case distinguish it from the cases relied on by appellant and prevent the application of the principle therein announced. Those decisions, by their very terms, are confined to cases where expert testimony must be "relied on to show the connection between an alleged cause and a certain result" (270 Pa. 479), and do not apply to injuries which are so immediately and directly, or naturally and probably, the result of the accident that the connection between them does not depend solely on the testimony of professional or expert witnesses.

For example, in the Fink case, it was alleged that the plaintiff had been struck on the head by a swinging door. He claimed that this injury resulted in a stroke of apoplexy, which might have been due to a number of causes and was not necessarily connected with the blow on the head. In fact, there was considerable doubt whether he had received a blow, at all, in advance of the apoplectic stroke, for no marks of physical injury were apparent; while his physical condition had been such that he was likely to have a stroke at any time. In Watson v. Lehigh Coal & Navigation Co., 273 Pa. 251, the accidental injury was a sprained ankle. It was alleged in the claim for compensation that this injury hastened tubercular peritonitis from which the workman died. In Morgan v. P. & R. Coal & Iron Co., 273 Pa. 255, the workman fell from a bridge into the water and "sustained some slight injuries consisting of bruises to his chest." The testimony showed that after being treated for a cold for a few days after the accident, his condition became normal and he resumed work. He continued at this employment for a period of twenty-two days, when he was again taken ill and died two weeks later from bronchial pneu-

monia. In Carlin v. Coxe Bros. & Co., 274 Pa. 38, the accidental injury consisted of a fractured rib on the left side. Death resulted from an abscess on the right side. Compensation was allowed because the physicians testified with positiveness that the abscess most probably resulted from the injury. Had the abscess developed at once on the left side at the precise spot where the injury was received, the connection could probably have been inferred without such positive medical testimony. In Kelly v. Watson Coal Co., 272 Pa. 39, death resulted from tuberculosis, seven months after the workman received a blow on the head and abdomen, while trying to turn a crank. In Guthrie v. Thompson-Starrett Co., 275 Pa. 166, the workman died from endo-carditis, a form of heart disease, which was attributed to a scratch on the arm from a rusty nail.

In all these cases medical testimony was necessary to prove any connection between the accident and the death or disability of the workman claimed for, and that the former was the proximate cause or proximate predisposing cause of the latter: Glasco v. Green, 273 Pa. 353.

The case of Fink v. Sheldon Axle & Spring Co., supra, did not announce a new doctrine. It only applied to the decision of workmen's compensation cases the rule in force in personal injury cases. Thus in Whittle v. National Aniline & Chemical Co., 266 Pa. 356, a compensation case, the Supreme Court's opinion cited Albert v. Phila. R. Transit Co., 252 Pa. 527, and Blasband v. Phila. R. Transit Co., 42 Pa. Superior Ct. 325, which were actions in trespass enunciating the same principle, as authority for the rule; while in Sullivan v. B. & O. R. R. Co., 272 Pa. 429, 435, and Zimmerman v. Weinroth, 272 Pa. 537, 539, which were negligence cases, reliance was had upon the case of Fink v. Sheldon Axle & Spring Co., supra, a compensation case. In the Sullivan case, the opinion by Mr. Justice SADLER points out that, just as in the Fink case, the medical testimony was only to the effect that the permanent injury complained of could

have resulted from the accident, which would have been insufficient if the finding of the jury had to rest alone on expert testimony; but it was said, there were other facts presented which if accepted as true fairly justified the inference that the cause was as claimed by the plaintiff (p. 435). In both classes of cases the evidence whether expert or otherwise, must be such as to support a finding that the disability or condition alleged as ground for damages or compensation, was the natural and probable result of the accident: Sullivan v. B. & O. R. R. Co., supra, p. 435; Whelen v. Eastern Coal Dock Co., 80 Pa. Superior Ct. 154. In some cases such finding may be made from the circumstances of the death or injury: Zelazny v. Seneca Coal Mining Co., 275 Pa. 397. See also: Yodis v. P. & R. Coal & Iron Co., 269 Pa. 586; Zukowsky v. P. & R. Coal & Iron Co., 270 Pa. 118.

In the present case while plaintiff was at work, April 23, 1919, striking rivets he was hit in the right eye by some small pieces of steel or hot scale. He suffered great pain, stopped work at once and a fellow workman removed a piece of scale from the cornea of his eye. The pain still continuing he went at once to Dr. Glover, an eye specialist, who removed another piece of scale and treated the eye. The pain still persisting he went to the Wills Eye Hospital at Philadelphia on April 26th, where another piece of steel or scale was taken out of his eye. He was continuously disabled from working and kept a patch over his eye until May 8th, when he went back to work, but could only work an hour and was then compelled to go home on account of the pain in the eye. He tried it again on May 10th, and May 12th, but had to stop because of the pain. This condition continued without intermission until August 10, 1919, when it was found that he had lost the use of this eye.

It was proved that on January 16, 1920, when a Wassermann test was made, the claimant was suffering from syphilis in the secondary stage. At the time of the accident, if he was then suffering from the disease, it

showed no effect in his eyes. The medical testimony was generally to the effect, that an injury of this character would not of itself and directly cause blindness. There was testimony, however, that an injury such as he had received might, in connection with his syphilitic condition, cause his loss of vision, and the workmen's compensation board found that the injury sustained by the claimant aggravated the underlying systemic condition so as to hasten the progress of the disease at the point of injury to the extent that it caused the permanent loss of the use of his right eye. It is of little moment for the purposes of compensation whether the accident caused the blindness directly, or by stirring up some latent systemic condition: Whittle v. National Aniline & Chemical Co., 266 Pa. 356, p. 361; Clark v. Lehigh Valley Coal Co., 264 Pa. 529, 533; Yodis v. P. & R. Coal & Iron Co., 269 Pa. 586, 587. It is undisputed that the claimant never had the use of his eye from the date of the accident until its vision was found to be gone and that he suffered continuously at the point of injury from the date it occurred until the vision was lost. In our opinion the accident might fairly be found, from all the evidence, to be the proximate predisposing cause of the loss of vision, such as to support the board's finding: Stahl v. Watson Coal Co., 268 Pa. 452.

(2) Upon the point of practice raised in the second ground for reversal, it is sufficient to point out that under the Workmen's Compensation Act of 1915 (P. L. 736) as amended in 1919 (P. L. 642) the testimony upon a hearing, or rehearing, or a hearing de novo, may be taken before the board itself, or, for the convenience and accommodation of the parties, before a referee, or even by depositions, as directed by the board, (sections 414, 415, 419, 422, 423, 425). The term, "de novo," means, "anew," "a second time" (18 C. J. 486) and the practice on such new hearing as respects the taking of testimony, is not necessarily different from the first; the main difference is that the board, instead of the referee, makes

the necessary findings and award from the evidence before it. Furthermore, appellant participated in the taking of the testimony before the referee on the hearing de novo and raised no objection to the course adopted by the board until after the award against him, and should not now be heard to complain of a matter of practice to which no objection was made at the time.

The assignments of error are overruled and the judgment is affirmed at the costs of the appellant.