## Grobuskie *v.* Shipman Koal Company, Appellant.

*Workmen's Compensation Law—Disease resulting from injury—Evidence—Sufficiency.*

In a claim under the Workmen's Compensation Act there is sufficient evidence to sustain an award where it appears that the claimant was struck on the mouth by a falling timber, that his lower lip was cut, and that shortly after the treatment of the wound, cancer developed at the point of injury.

While none of the doctors could state exactly the cause of the cancer, there was medical testimony that it may be produced by irritation and the claimant's physician testified that he knew of no other cause than the blow that would produce the condition. Such testimony, although negative in form was sufficient evidence that the condition was the direct result of the accident especially where the connection between the injury and the disease was so directly traceable.

Argued October 23, 1922. Appeal, No. 169, Oct. T., 1922, by defendant, from judgment of C. P. Northumberland County, Sept. T., 1921, No. 475, affirming award of Workmen's Compensation Board in the case of John Grobuskie v. Shipman Koal Company, and American Mine Owners Mutual, Incorporated, its Insurance Carrier. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from award of Workmen's Compensation Board. Before LLOYD, J.

350   GROBUSKIE *v.* SHIPMAN KOAL CO., Appellant.

Statement of Facts—Opinion of the Court. [80 Pa. Superior Ct.

The facts are stated in the opinion of the Superior Court.

The court affirmed the award of the Workmen's Compensation Board. Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*Harry J. Nesbit,* and with him *Arthur H. James,* for appellant.—There must be something more than a medical conjecture, or a mere possibility, that the injury caused the resultant condition: Fink v. Sheldon Axle and Spring Co., 270 Pa. 476 (479); Kelley v. Watson Coal Co. et al., 272 Pa. 39; Sullivan v. B. & O. R. R. Co., 272 Pa. 435; Zimmerman v. Weinroth, 272 Pa. 537; Morgan v. P. & R. Coal & Iron Co., 273 Pa. 255 (258).

*Roger J. Dever,* for appellee, cited: Stahl v. Watson Coal Company, 268 Pa. 452; Dumbluskey v. P. & R. C. & I. Co. 270 Pa. 22; Zukowski v. P. & R. C. & I. Co. 270 Pa. 118; Tracey v. P. & R. C. & I. Co., 270 Pa. 65.

OPINION BY KELLER, J., March 2, 1923:

The only question raised by this appeal is whether there was competent testimony to show that the accidental injury sustained by claimant resulted in the growth or development of the cancer, which immediately caused his disability for the period compensation was allowed. If there was the judgment must be affirmed: Stahl v. Watson Coal Co., 268 Pa. 452.

The following facts may be summarized from the testimony: Claimant was at work, on April 10, 1920, timbering on a pitch in defendant's mine. While in the act of setting up a prop, a second prop slid down the pitch and struck him a violent blow on the mouth and chin, bruising and cutting his lower lip so that it bled. He came down immediately, told his butty of the accident and went, at once, to his regular physician, Dr. Kovalewski

for treatment. He referred him to the company's physician, Dr. Weimer. The latter was away, so the claimant again consulted Dr. Kovalewski, who treated the lip for several days. When Dr. Weimer returned he applied a grease to the sore on the lip and covered it with a plaster. After several days of this treatment an examination was again made and it was found that claimant was suffering from cancer at the point where his lip was injured. On the advice of his physician he went to a hospital, was operated on and had it removed.

It further appeared that claimant had no trouble with his lip prior to the time of the injury; that neither his fellow employees nor his family physician had ever noticed anything the matter with it; that from the time of the injury the infection or disease was continuously progressive. None of the doctors could state exactly the cause of cancer but there was medical testimony that it may be produced by irritation and that a blow may develop a cancer or aggravate or hasten its growth when a diseased condition exists. Claimant's family physician, who examined the wound shortly after the accident and later diagnosed the cancer at that spot, testified that the cancer could come from the injury and that he knew of no other cause that would produce this cancer. While negative in form, we are of opinion that it comes within the rule laid down in Fink v. Sheldon Axle & Spring Co., 270 Pa. 476, with reference to medical opinion upon the probability of the disease being the result of the accident. It is very similar to that held sufficient in Tracey v. Phila. & R. C. & I. Co., 270 Pa. 65, 66. See also: Whittle v. National Aniline & Chemical Co., 266 Pa. 356, 361; Yodis v. Phila. & R. C. & I. Co., 269 Pa. 586; Zukowsky v. Phila. & R. C. & I. Co., 270 Pa. 118. But in addition it is to be noted that the connection between the injury and the disease in this case is direct and immediate and not remote and distant as in Fink v. Sheldon Axle & Spring Co., supra; Watson v. Lehigh Coal & Navigation Co., 273 Pa. 251; Morgan v. Phila. & R. C. & I. Co., 273

Pa. 255, and kindred cases. The principle laid down in those decisions is expressly limited, by their very terms, to cases where expert testimony must be "relied on to show the connection between an alleged cause and a certain result" and does not apply to injuries which are so directly or naturally and probably the result of the accident that the connection between them does not depend solely on the testimony of professional or expert witnesses: Sullivan v. B. & O. R. R. Co., 272 Pa. 429, 435. See also: Davis v. Davis, 80 Pa. Superior Ct. 343, for a more extended discussion on the subject.

The assignments of error are overruled and the judgment is affirmed at the costs of the appellant.