## Saroka *v.* Phila. and Reading Coal and Iron Co., Appellant.

*Workmen's compensation—Injury—Death—Causal connection—Evidence.*

In a claim under the Workmen's Compensation Act, it appeared that claimant's husband, some months after having sustained a

fracture of both collar bones and a punctured lung, died as a result of acute dilation of the heart.

Where, in such a case, it was neither established that the decedent was suffering from heart disease at the time the accident occurred, nor that the injuries caused the disease from which he died, there can be no recovery.

When the causal connection between the injury sustained and the death is grounded upon the aggravation of an existing systemic condition, there must be evidence to support a finding that the condition existed when the injury was sustained.

Argued December 7, 1925.  Appeal No. 36, October T., 1925, by defendant, from judgment of C. P. Schuylkill County, July T., 1924, No. 411, in the case of Rose Saroka v. The Philadelphia and Reading Coal and Iron Company.  Before ORLADY, PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Reversed.

Appeal from award of Workmen's Compensation Board.  Before KOCH, J.

The facts are stated in the opinion of the Superior Court.

The court sustained the award of the Workmen's Compensation Board.  Defendant appealed.

*Errors assigned* were the dismissing of exceptions and the decree of the court.

*John F. Whalen,* and with him *George Ellis,* for appellant.

*Henry Houck,* for appellee.

OPINION BY GAWTHROP, J., February 26, 1926:

On March 17, 1920, Martin Saroka, husband of appellee, was injured while in the course of his employment by appellant and was paid compensation for his injuries under a compensation agreement until the date of his death, September 22, 1921.  After his death his widow presented her petition for compensation,

the allegation being that the death resulted from the injury. The referee disallowed the claim, but the compensation board granted a hearing de novo and made an award in favor of the claimant. Defendant took an appeal to the court of common pleas, which affirmed the award of the board. Therefrom it brought this appeal.

The only question raised before us is whether there was sufficient evidence to establish the fact that the accidental injuries sustained by the deceased caused his death.

Saroka, who was forty-nine years of age and apparently in good health, worked steadily for defendant as a coal miner until he was struck by a coal car on March 17, 1920, and sustained a fracture of both collar bones and a bone in his forearm and a punctured lung. Immediately after the accident he was removed to a hospital where he remained until July 22, 1920. After his discharge from the hospital he was unable to return to work, and continued to suffer from his injuries. On September 15, 1921, he returned to the hospital where it was discovered that he was suffering with acute dilation of the heart following chronic myocarditis, which caused his death on September 22, 1921. The compensation board found that he died "as a result of acute dilatation of the heart, said death having been hastened or caused by the accidental injury" above related. The cause of Saroka's death, as stated in the certificate of death, was "acute dilatation of the heart following chronic myocarditis with decompensation," which is a form of heart disease resulting from the weakening of the muscular part of the walls of the heart.

Appellee contends not only that the expert medical testimony establishes that the death resulted from the injuries sustained in the accident, but that the death was so directly, naturally and probably the result of the accident that the connection between them is estab-

lished without consideration of the professional testimony. We agree with the learned judge of the court below that the answer to the question presented depends upon the effect of the expert testimony. The connection between the injury and the death in this case was not so direct and immediate that it depends solely on the testimony of non-expert witnesses as in Davis v. Davis, 80 Pa. Superior Ct. 343, and Grobuskie v. Shipman Koal Co., 80 Pa. Superior Ct. 349. The connection was so remote and distant that expert medical testimony was necessary to establish it. The standard of proof required is that stated in Fink v. Sheldon Axle & Spring Co., 270 Pa. 476, and kindred cases. The claimant called three physicians, Doctors Leach, Berkheiser and Roth. Dr. Leach testified that the injury "could" have been a contributing cause of the myocarditis and that, if Saroka was suffering from heart disease at the time of the injury, "it would be possible" that the injury aggravated this condition and hastened his death; that "it is probable" that injuries of the character sustained by him would hasten death from myocarditis. This witness had no knowledge of the condition of Saroka's heart, although he attended him during his first confinement in the hospital. Dr. Berkheiser testified that it would be natural for the myocarditis to be aggravated by Saroka's injuries, but that the condition of his heart was due to natural causes and not to his injuries. Dr. Blakeslee, called by the referee, testified that the heart disease was due entirely to natural causes. Dr. Roth did not see Saroka until September 15, 1921. When asked whether he thought the accident hastened the death, his answer was: "No injury to the body improves it, it does injure." A careful examination of the testimony of these witnesses discloses the fact that none of them stated that it was his professional opinion that the accident under investigation was a contributory cause of the development of the myocarditis, or that there was

any causal relation between the accident and the heart ailment. We are all of opinion that the statement of Dr. Leach that it "is probable" that an injury of the character sustained by Saroka would hasten death from the cause from which he died, does not amount to an expression of an opinion that there was a causal relation between the accident and the cause of death. The statement was made under the assumption of fact that Saroka was suffering with myocarditis at the time of the accident. But that fact was not proved. It is true that it is unimportant whether the accident caused the death directly, or by stirring up some latent systemic condition: Davis v. Davis, supra, and cases therein cited. But when the causal connection between the injury sustained and the death or disability is grounded upon the aggravation of an existing systemic condition, there must be evidence to support a finding that the condition existed when the injury was sustained. Here claimant's proof fails. It follows that the finding that the death resulted from the accident cannot be sustained, unless the injuries sustained by Saroka caused the acute dilation of the heart, from which he died. Here again the proof fails. There is no evidence in the record tending to prove that fact.

The judgment is reversed and the award of the compensation board is set aside.