Max Utzman v. Pennsylvania Rubber Company and Aetna Life Insurance Company, Appellant.

464

Argued April 24, 1929.

Before Trexler, Keller, Gawthrop, Cunningham and Baldrige, JJ.

*John M. Reed,* for appellant, cited: Gausman v. Pearson Co., 284 Pa. 348; Smith v. Pittsburgh Coal Company, 71 Pa. Superior Ct. 325.

*Albert F. Yunker,* for appellee, cited: Vorbnoff v. Mesta Machine Co., 286 Pa. 199; Davis v. Davis, 80 Pa. Superior Ct. 343,

Opinion by Keller, J., July 2, 1929:

The Workmen's Compensation Board, overruling the referee, found, in effect, that the claimant, while in the course of his employment, was disabled by an inguinal hernia, suffered as the result of a strain from lifting a heavy body. On appeal, the court of common pleas affirmed the award and entered judgment for the claimant.

At the outset we may say that the board, since the Act of June 26, 1919, P. L. 664, sec. 423, has the power to set aside findings of fact of a referee: Vonot v. Hudson Coal Co., 285 Pa. 385; Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 205.

Our province, as was that of the court below, is only to determine whether there is competent evidence in the case to sustain the award. A reading of the testimony satisfies us that there is such evidence.

In the first place we do not regard the case as one where the connection between the alleged cause and the injury resulting in disability is dependent on the testimony of medical or expert witnesses: Davis v. Davis, Director General, 80 Pa. Superior Ct. 343, 345. It is a matter of common, everyday knowledge, shared by laymen as well as physicians, that hernia is frequently caused by some physical straining or over-exertion, such as lifting a heavy body. "The exciting cause of hernia is generally some over-exertion, as in lifting a heavy weight, jumping off a high wall, straining ...... The pressure of the diaphragm above and the abdominal wall in front acting on the abdominal viscera causes a protrusion at the weakest point. Rupture is either congenital or acquired. A child may be born with a hernia in the inguinal or umbilical region, the result of an arrest of development in these parts; or the rupture may be acquired, first appearing, perhaps, in adult life as the result of a strain or hurt": Encyclopaedia Britannica, Vol. 13, p. 372, 11th Ed.

There is no doubt that this claimant is suffering from a very severe right inguinal hernia. The only question in the case is, was it caused or induced by his work of lifting heavy bricks for the defendant.

There was evidence that claimant, who is 63 years old, had worked as a laborer in mines and factories for 39 years; that he had been employed by this defendant for a year and a half, at what defendant's foreman classed as 'hard work;' that he was in good health and had worked without interruption because of illness since his employment by defendant—had never missed a day; that he had not been ruptured before or worn a truss; and had been physically examined by defendant's physician before he was hired; that while engaged in lifting up to a fellow workman some large bricks, weighing from 50 to 60 pounds apiece, which he had been carrying through a hole or small door into the boiler, in connection with its repair, he felt a sudden pain, burning and soreness in the right groin, that made him so sick, that he could not work any more; that he was sent as soon as possible to the doctor who found a large hernia in his right groin; that he went home and to bed for four days and was told he ought to be operated on, but when he refused, a truss was procured for him; that he has been unable to do any hard labor since; and that in his condition an operation would be dangerous, and might not be successful.

It is true, two doctors testified for the defendant that in their opinion the hernia was congenital and of long standing, basing their judgment on its large size and his ability to walk about sc soon after the alleged injury; but the board was not bound to accept their evidence as conclusive, especially in view of the fact that a surgeon of long experience, testifying for claimant, said, "I don't believe any doctor or surgeon can tell how long a hernia has existed," and "I don't be-

lieve that a man with a large hernia such as he had could take 50 or 60 pound bricks and lift them up to some-one without suffering untold agony," in corroboration of the claimant's evidence that he did not have the hernia before the day in question.

In our opinion the evidence in the case was sufficient to establish a direct connection betwen the strain from lifting the bricks and the hernia, and that the latter was the result of the former; and justified the board in its finding of fact, and the award based thereon: Smith v. Pittsburgh Coal Co., 71 Pa. Superior Ct. 325.

The judgment is affirmed.