## Stracka et al. *v.* Mosko.

Argued April 30, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*A. C. Christiansen,* for appellant.

*Robert H. Braun, Jr.,* and with him *Thomas M. Marshall* of *Marshall & Marshall,* for appellee.

Opinion by Keller, J., July 10, 1930:

The defendant, a grown man, made an unprovoked attack on the minor plaintiff hitting him on the lower part of the abdomen, left side, with a piece of iron or brass pipe. A short time later that evening, the boy limping and bent forward in pain, accompanied by his father, went to see a doctor about the injury, who sent him home, put him to bed and put an ice cap on the injured region. At first the doctor thought the boy was suffering from an incomplete hernia, but later discovered that he had a congenital malformation, an

undescended testicle on the left side. His condition was then such as to require an operation, "a particularly delicate one," which was successfully performed by a surgeon in the hospital to which he was removed. The surgeon said that when he operated the boy had a congenital condition of undescended testicle, and accompanying that, an oblique inguinal hernia. He could not say what had caused the latter or, because of the abnormality, of how long standing it was. The physician testified that the blow might have aggravated the condition of the undescended testicle, so as to require the operation; that if the boy had got along so many years—he was twenty years old—without a disturbance, the "thing has become accustomed and it is not noticed by the party. There must be something that causes—that results in some condition that would justify repairing or relieving the condition." And again he said that "without an injury, it would not have been necessary to operate, because he has been going all his lifetime in that condition, without apparent injury or effect to him."

It was also testified that an undescended testicle usually developed into a hernia, if there was a disturbance of that condition and might so result even without any disturbance; and that a sudden blow over the testicle, if in an exposed position, would naturally excite an inflammation which might predispose to hernia development.

The court held that there was not sufficient evidence in the case to sustain a finding that the blow produced the hernia, but left to the jury to determine whether it had aggravated the existing condition and contributed to the necessity for the operation. The jury were not permitted to allow any damages for permanent injury to the plaintiff. In their verdict they awarded the father $550, and the injured boy $1,500, $750 of which was afterwards remitted. The physician's,

surgeon's and hospital bills amounted to $242, leaving the father $308 for the loss of his son's wages, which was well within the evidence. The boy's verdict covered only his pain and suffering and any punitive damages the jury may have seen fit to award. The court concluded that $750 was full compensation for these elements of damage.

We are of opinion that the appellant has no just cause for complaint.

The undisputed evidence was that prior to the defendant's attack the minor plaintiff was a strong, healthy boy working as a wire boy in the Pressed Steel Car Company works, bringing wires for core makers, which it was said, was a "hard job;" that he took part in sports, baseball, etc., as a normal, active boy would do and apparently suffered no inconvenience from the congenital defect referred to; that within an hour or two after being hit on the abdomen, at a point over the malformation or defect, stooping and bent forward in pain, he was obliged to consult a physician and seek treatment for the injury, and a condition developed at that point which required an immediate operation. We do not think that the relation between the blow and the plaintiff's condition such a short time later was so remote as to be *wholly dependent* on expert testimony to determine; that the circumstances themselves, especially when considered in the light of the expert evidence above referred to, were sufficient to justify the submission to the jury of the question whether the blow had aggravated the congenital condition and contributed to the necessity for the operation. See Davis v. Davis, Director General, 80 Pa. Superior Ct. 343, 347; Moseley v. Reading Co., 295 Pa. 342, 348; Sullivan v. B. & O. R. R. Co., 272 Pa. 429, 435; Grobuskie v. Shipman Koal Co., 80 Pa. Superior Ct. 349; Utzman v. Penna. Rubber Co., 96 Pa. Superior Ct. 463.

The sixth assignment of error is the only one which raises the question involved. We have considered it as if the defendant had excepted to the refusal of his fifth point, although that was not done. It is overruled. The rest are dismissed.

The judgments are affirmed.