Fillman *v.* W. H. and L. C. Wolfe, Appellants.

Argued October 28, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*John J. Haberstroh,* for appellants.

*John M. Klepser,* for appellee.

Opinion by Keller, J., December 12, 1930:

This is a Workmen's Compensation case. Plaintiff alleged that he had been hurt on July 11, 1928, while working for the defendants, by the fall of a freight elevator gate, which did not latch when raised up but came right back, striking his left shoulder and bruising it. It appeared in the case that on February 20, 1928, while on his way home from his employer's premises he had slipped on the ice and broken this same shoulder, incapacitating him for ten weeks; but that he had fully recovered and gone back to work and was able to perform his regular duties which required the lifting of his arm and the free movement of his shoulder; while since the accident on July 11th, he had

been unable to lift his arm or use his shoulder, and suffered much pain there.

The doctor testified that the claimant had a limitation of his function of the left shoulder, because he had watched him trying to dress when claimant did not see him, and he could not lift his shoulder at all; and that he believed this condition was caused or aggravated by the second accident, though the X-ray picture showed no recent injury to the *bone* and he could not "lay his finger on the injury," just "where he has the injury on the shoulder;" but he gave it as his professional opinion that the second blow to the shoulder had caused an injury to the site of his old fracture, which did not show objective symptoms, but had set up an inflammatory condition which had disabled him. He testified positively that the claimant had fully recovered from the fracture or fall of February 20th before the second accident, and that he was partially disabled as a result of the second injury. There might have been, he said, "an injury to the supra spinatus muscle, which goes over the capsule of the shoulder and is inserted into the highest tuberosity of the humerus, which helps to lift the arm up," for the blow was directly to this muscle; but as it did not injure the bone, there were no objective symptoms, and a diagnosis as to his present condition would have to depend on the patient's subjective symptoms, though, he said, he had no reason to doubt the claimant's statement that he still suffered pain and was unable to lift his arm.

We think that this evidence in connection with the claimant's own testimony, was sufficiently specific and definite to sustain an award, for we do not regard this as a case which depends entirely on the expert evidence of the doctor to show the connection between the accident and the injury. It comes rather within the rule of Davis v. Davis, Director General, 80 Pa.

Superior Ct. 343; Grobuski v. Shipman Coal Co., 80 Pa. Superior Ct. 349; Utzman v. Penna. Rubber Co., 96 Pa. Superior Ct. 463 and like cases, which relate to injuries that are so immediately and directly, or naturally and probably, the result of the accident that the connection between them does not depend solely on the testimony of medical witnesses.

The uncontradicted evidence is that the plaintiff had fully recovered from his broken shoulder caused by the fall on February 20th and had gone back to his usual duties which required the lifting of his arm and the free use of his shoulder; that since the blow to the shoulder on July 11th he could not lift his arm nor have the free use of his shoulder, and suffered much pain there. The doctor was convinced that the claimant was not shamming either as to his inability to lift his arm or his suffering of pain. This was sufficient to permit a jury in a trespass case or the Workmen's Compensation Board in these proceedings to find that the injury and consequent incapacity were the result of the fall of the elevator gate. It is not essential that either the doctor or the board should be able to point out the exact physical process which brought about the limitation of function in the arm and shoulder. It is enough to support an award if the pain and loss of motion were absent before the accident and followed immediately on its happening at the point of contact of the injury, and persisted.

The board has authority to reverse the findings of fact of a referee and we have no power to set aside their findings if there is evidence to support them.

The alleged contradictions or inconsistencies in the doctor's evidence were easily reconciled, as they were apparently due to his over-cautious method of statement. They were matters for the consideration of the board.

The assignments of error are overruled and the judgment is affirmed.