Israel, Appellant, *v.* Brisgol Brothers and Standard
Accident Insurance Co.

Argued October 16, 1931.

Before TREXLER, P. J.,
KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE,
JJ.

*Thomas M. J. Regan,* for appellant, cited: Flucker

v. Carnegie Steel Company, 263 Pa. 113; Ford v. Dick & Co., 288 Pa. 140.

*G. A. Troutman,* and with him *J. W. McWilliams* and *Charles S. Wesley,* for appellees.

OPINION BY TREXLER, P. J., March 5, 1932:

This is a Workmen's Compensation case. The decedent, Moultrie Israel, was employed as a porter and messenger by the defendants, Brisgol Brothers, who conducted a drug store in the City of Philadelphia. He had worked for them since June, 1920, and was familiar with the contents of the store. His duties were to bring supplies from the basement, keep the store clean, do general errands about the store and to make deliveries to customers when the occasion might demand.

On June 1, 1929, at one o'clock in the afternoon, the deceased employee was observed lying in the basement of the store and making a noise resembling snoring. About an hour later, it was observed that he had changed his position and his condition excited suspicion so as to lead his employer to send for a physician. The physician found that Israel appeared to be in a partly asphyxiated condition suffering from the corrosive effects of some acid. He was removed to a hospital where he gained sufficient consciousness to be able to indicate to the examining physician that he had taken sulphuric acid and nitric acid. Death resulted the same day.

The referee decided that his death was accidental. It appeared that the deceased had had his tonsils removed a short time prior and was accustomed to go into the basement to gargle his throat with Listerine and the referee concluded that it was when he was intending to do this that he got the wrong bottle.

The Compensation Board reversed and decided that

it was a case of suicide and that no compensation could be awarded. The lower court took the same view. Our only inquiry is whether there was sufficient evidence to sustain this conclusion. The facts are not disputed. As already observed, the deceased was entirely familiar with the premises and knew where the various drugs were kept. At the time of his death, he was not living with his wife, she being in ill health and temporarily sojourning with relatives in New York. Some of the children were with her and others with a distant relative. The decedent was in poor health shortly prior to his death and had been advised to have his tonsils removed. This was successfully accomplished and he was on the road to recovery. He had an unfounded fear that he might lose his position. These facts, the board concluded, might furnish some reason to lead to the belief that the decedent committed suicide. This conclusion is confirmed by the circumstances attending his death. It is not likely that one as familiar as he was with the drug store would mistake an acid bottle which was labelled in a customary way for one containing Listerine. Moreover, if he had taken acid by mistake, as soon as the liquid would have touched his mouth, he would have been made aware of its character. The doctor testified that there was sufficient acid taken to penetrate the intestines and to produce a bloody flux. The doctors diagnosed the case as death resulting from the taking of sulphuric and nitric acid.

Although Israel was not able to articulate at the hospital, he had sufficient consciousness to indicate that he had taken these two acids and this test was repeated several times, he responding by nodding the head when these two acids were referred to and not so responding when others were indicated. He could not mistakingly take both these acids from separate bottles instead of Listerine. There being ample com-

petent evidence to support the conclusion reached by the board, our duty to affirm the finding is apparent: Vorbnoff v. Mesta Machine Co., 286 Pa. 199. There is no doubt as to the right of the Workmen's Compensation Board to sustitute its finding for those of a referee: Sames v. Boro. of Perkasie, 100 Pa. Superior Ct. 402.

In the argument, the appellees suggest that even if the decedent took the acid by mistake, the injuries were not sustained in the course of employment. In view of what we have already said, which is decisive of the case, we do not think this feature need be discussed.

The judgment is affirmed.