Kucinic v. United Engineering and Foundry Co., Appellant.

262

Argued April 24, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Murray J. Jordan* and with him *Fred J. Jordan,* for appellant.

*Clair D. Moss,* for appellee.

OPINION BY JAMES, J., October 2, 1933:

The plaintiff. was an employee of the defendant company and alleges that while chipping rolls at the plant of the defendant on September 12, 1930, he was struck in his left eye by a piece of steel causing the loss of the left eye. A hearing was had before a referee who found that claimant had failed to establish as a fact the loss of vision in the eye as the result of an injury sustained by accident while in the course of his employment and his claim for compensation was refused. An appeal was taken to the Workmen's Compensation Board, where no additional testimony was heard, and the appeal was there sustained and compensation directed to be paid. In its opinion the compensation board found that claimant, while chipping rolls, was struck in his left eye by a piece of steel which aggravated and accelerated the cataract and the activity of the foreign body in the eye and resulted in the loss of vision and blindness. An appeal was thereafter taken to the court of common pleas of Allegheny County where the award of the Workmen's Compensation Board was sustained, from which decision the present appeal lies.

The questions involved in this appeal are:

1. Whether there was any competent testimony establishing an accident on September 12, 1930 as a result of which claimant sustained an injury to his left eye.

2. Does the record disclose any competent testimony establishing a causal connection between an injury of September 12, 1930 and the loss of industrial vision in the claimant's left eye?

3. Was it reversible error for the Workmen's Compensation Board to predicate an award of compensation upon their conclusion of law that the claimant, not having received compensation for the loss of the left eye due to a previous injury, is entitled to an award of compensation due to a later injury?

Under the Act of June 26, 1919, P. L. 642, Section 6, the Workmen's Compensation Board has the power to disregard the findings of the referee and on review of testimony taken before the referee, make entirely different findings and if the Board's findings are supported by competent evidence, the courts are without authority to reverse it. Slemba v. Hamilton & Sons, 290 Pa. 267, 138 A. 841; Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 133 A. 256; Israel v. Brisgol Bros., 104 Pa. Superior Ct. 16, 159 A. 51; Calderwood v. Consolidated L. & S. Co., 91 Pa. Superior Ct. 189. And such findings and the inferences to be drawn therefrom are as conclusive as the verdict of the jury. Ford v. Dick Co., 288 Pa. 140, 135 A. 903.

1. Answering appellant's first proposition as to whether the record disclosed any testimony establishing an accident on September 12, 1930, we find from claimant's testimony the following: (page 8a) "Q. Did you receive an injury during that month (September, 1930) to your left eye? A. Yes." (page 9a) "Q. State what happened? A. I was chipping when the chisel jumped in my eye and I went to the foreman and he asked me to go to see the doctor. Q. Did the chisel jump in your eye or was it a piece of steel? A. A piece of steel." (page 9a). "Q. George, did you have glasses on? A. Yes, I had glasses on. Q. How did the steel get through the glasses? A. The string on the glasses was loose and it come underneath. Q. Were they goggles? A. Regular chipper's glasses. Q. Who did you tell about the accident? A. The foreman. Q. What is his name? A. Louis King. Q. Did he send you to the doctor? A. Yes, he sent me to the doctor. Q. Did the doctor do anything for you? A. He put medicine in and put a patch on my eye. Q. Which eye? A. Left eye." (page 12a). "Q. George, when did your vision disappear so that you couldn't see any more? A. Since September 12, 1930. Q. Did your vision go gradually or did it just go all

at once? A. All at once. Q. Did you lose the sensation of light in that eye immediately? A. I lost the sensation of light immediately. Q. What were you doing when the vision disappeared? A. I was working as a chipper at that moment." (page 13a). "Q. You say you were injured by something flying into your left eye in September, 1930? A. Yes. Q. Was that before or after you lost the vision? Was this accident before or after your vision disappeared? A. It was after the 12th of September, 1930 that I lost my vision." (page 14a). "Q. Was it the same day or not the same day that you were injured that your vision disappeared in September? A. The same day. Q. How long after your eye was injured in September was it before you noticed that you couldn't see out of your left eye? A. The same day I noticed I couldn't see. Q. How long. 1 hour or 2 hours, 8 hours or less? A. The same moment." The above recital establishes that there was testimony in the record from which the board could find that claimant did meet with an accident on September 12, 1930 as a result of which he sustained an injury to his left eye.

2. The testimony relevant to a proper consideration of the second question involved is as follows:

Wilhelm Lingoski, a fellow workman, testified that he saw claimant hold his hand on his left eye while at his place of work; that he saw nothing on that day but the next day saw that the eye ball was red. Dr. Zinsser, defendant's physician, testified that he examined claimant on September 12, 1930, the date of the accident; Dr. Benjamin Kuntz, claimant's physician, testified that he was called on April 25, 1931 and that an x-ray examination disclosed a cataract on the patient's left eye. Dr. Kuntz further testified (page 22a) "Q. According to the history given you the patient received an injury on September 12, 1930, it would be possible that the blindness—cataract —would be due to that injury on September 12, 1930?

A. It is possible, yes. Q. Is it probable that is what did cause it? A. It is." The testimony of Dr. Kuntz that it is both possible and probable that claimant's blindness was due to the injury of September 12, 1930 as a result of the accident was the strongest medical testimony produced by the plaintiff. Standing alone, his testimony would not be sufficient to establish a connection between the alleged cause and result, but taken in conjunction with the testimony of the claimant that immediately after the accident he lost his vision, the testimony of his fellow workman and the testimony of Dr. Zinsser that he examined claimant's eye on the date of the accident, corroborating claimant's testimony that immediately after the accident he went to the doctor, it was sufficient to justify the finding by the compensation board that blindness was due to the accident of September 12, 1930. The expert testimony of the doctor supplemented and strengthened that of the claimant and under the facts in this case was sufficient to justify the entry of the award. Ross v. Riffle, 310 Pa. 176, 181, 164 A. 913.

The facts in this case bring it within the rule that where the injuries are so immediately and directly, or naturally and probably, the result of the accident, the connection between them does not depend solely on the testimony of medical witnesses: Fillman v. Wolfe, 100 Pa. Superior Ct. 306, 309; Utzman v. Penna. Rubber Co., 96 Pa. Superior Ct. 463, 465; Grobuskie v. Shipman Koal Co., 80 Pa. Superior Ct. 349; Davis v. Davis, 80 Pa. Superior Ct. 343; Bakunas v. Phila. & R. C. & I. Co., 78 Pa. Superior Ct. 175. And the fact that the claimant had a chronic ailment, a cataract, which made him more susceptible to such injury than an ordinary person, will not defeat his right to compensation, but rather if the pre-existing chronic ailment or cataract, was accelerated in its development by the

injury of September 12, 1930, resulting in loss of vision in his left eye, then under the law he is entitled to compensation: Yodis v. Phila. & R. C. & I. Co., 269 Pa. 586, 113 A. 73; Whittle v. National Aniline & Chemical Co., 266 Pa. 356, 361, 109 A. 847; Clark v. Lehigh Valley Coal Co., 264 Pa. 529, 533, 107 A. 858; Davis v. Davis, 80 Pa. Superior Ct. 343. Under the entire testimony we are satisfied that there was competent evidence from which the board could find that claimant's blindness was the result of the injury of September 12, 1930.

3. The third question raised by the appellant refers to the third paragraph of the conclusion of law of the compensation board, to wit: "Third: That a foreign body from a former injury sustained while in the employ of the defendant was still in the eye of the claimant when struck in the eye on September 12, 1930, by a piece of steel, *and not having received compensation for the loss of the eye*, the relation between the cause and result is sufficient to warrant compensation for the loss of the use of his eye. Quinn v. American International Ship Building Corporation et al., 77 Superior Ct. 304 (306)." Appellant particularly complains as to the portion of the finding "and not having received compensation for the loss of the eye," and asserts that the third conclusion of law was such a finding as would justify a reversal of the court below. In the second conclusion of law, the board specifically found that the claimant was suffering from a complicated cataract due to trauma on September 12, 1930 when he was struck in the eye by a foreign substance which aggravated and accelerated the development of the cataract caused by a foreign body in the eye and resulted in the loss of sight. What the board must have had in mind in inserting "and not having received compensation for the loss of the eye" was to explain that he had not been paid for the former

injury, which payment would have barred the present award, and, in order to avoid any possible misapprehension as to the true facts, inserted the line complained of. We do not believe this to be sufficient to justify the reversal in view of the other positive findings of the board. Judgment affirmed.