Borovski *v.* P. & R. C. & I. Co., Appellant.

Submitted March 11, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*B. D. Troutman,* and with him *George Ellis* and *Jno. F. Whalen,* for appellant.

*William S. Stein,* and with him *Martin G. Stein,* for appellee.

OPINION BY TREXLER, P. J., April 15, 1931:

John Borovski, deceased husband of the claimant, was in the employ of the Philadelphia & Reading Coal & Iron Company. On August 27, 1926, while in the course of his employment, upon the premises of the defendant, he sustained an accident by being struck by a piece of coal or rock, weighing about twenty pounds and as a result, he received contusions of the head and chest and of the back of his body and immediately following said accident, laid on the ground for a period of about fifteen minutes and was then assisted home by a fellow employee.

On the same day, he received attention by the company physician and again on August 28th and 30th, upon which last date the doctor found him suffering from a condition of pleurisy, which later developed into pneumonia, causing death on September 3, 1926.

The referee awarded compensation which the board approved and upon appeal to the lower court, it sustained the award. The rapid sequence of events apart from the expert testimony of the case would lead one to believe that there was a causal connection between the happening of the accident with the exposure which followed and the death of the workman.

The difficulty in the case arises from the expert testimony offered. The plaintiff called Dr. John S. Monahan, who was the compensation surgeon for the defendant company. He had examined the deceased and gave account of his contact with him and the treatment which he gave him for the injury. After he had testified to facts, which came within his observation, he was examined by the attorney of the company who asked him, among other things, whether there was any relation between the man's laceration of the right shoulder and his subsequent death from pneumonia and he said there was none. He ascribed the death to alcoholism and carelessness on the part of Borovski in unnecessarily exposing himself after the injury. It will be noticed that Dr. Monahan was not called as an expert and did not qualify as such. The plaintiff confined her examination of the witness to the facts in the case and did not ask him his opinion as to the cause of death.

Dr. Arthur C. Morgan, who qualified as a specialist in internal medicine, testified after the facts in the case were properly put to him, that in his professional opinion there was a direct causal connection between the injury sustained by Borovski and the development of pneumonia and the subsequent death. There was sufficient evidence therefore in the case to sustain the award of the referee, unless we are compelled to take the view that the rule declared in Mudano v. P. R. T., 289 Pa. 51, applies. In that case, it was held that the plaintiff by reason of the contradiction of the evidence of the two doctors which she called failed to establish

her case. When, after being equally accredited by plaintiff, expert witnesses so vitally disagree on essential points as to neutralize each other's opinion evidence, their sponsor has not borne the burden of proof which the law casts upon him, and to that extent has failed to make out his case.

We do not think that case has any application to the present one. The plaintiff, as we have observed, in his examination elicited merely the facts in the case. The defendant should have confined the cross-examination to the same matters as were testified by the witness in chief and if he wished him to give his opinion as an expert, he should have called him as his witness: Olmstead v. Gere, 100 Pa. 127. It was necessary for the plaintiff in order to establish the extent of the injury to call the doctor who attended the deceased. As long as she confined her injury to these matters, it would be unfair to bind her to the answers made by the doctor as an expert. The calling of the doctor merely to testify to facts within his knowledge, does not bind the plaintiff to a position which sponsors his learning and expertness. She might well hesitate to rely upon a witness for expert testimony who is in the employ of the defendant company and who may by reason of such employment have an unconscious bias in favor of the company. The rule, therefore, in Mudano v. P. R. T., supra, does not apply, for Dr. Monaghan was not plaintiff's expert witness. We think the case is the same as if two experts had been called, one by the plaintiff and one by the defendant. It was, therefore, the duty of the referee, taking all the facts in the case, to decide which one of the experts he would believe. The matter was properly decided.

The judgment is affirmed.