Per Curiam,
 

 This is a workmen’s compensation case in which the sole question raised on appeal is whether there is any legally competent evidence to sustain the finding of the compensation authorities that decedent suffered a fall from a ladder while engaged in his employment.
 

 A hearing was held in this case before a referee and an award in favor of the claimant was made on February 20, 1940. On August 9, 1940, the board filed its opinion in which the defendant’s appeal was dismissed and the findings of fact, conclusions of law and the award of the referee were affirmed. On appeal to the court of common pleas on January 13, 1941, the court, Morganroth, P. J., affirmed the findings of fact, conclusions of law and award. Appeal to this court followed.
 

 In this case, the claimant is the widow and sole dependent of Christ Leichleitner, whose death occurred on May 25,1939, at which time she was living with him and was then actually dependent upon him for support. Decedent on May 25, 1939, was in the employ of the Coal Township School District as a janitor at the Uniontown School Building earning therefrom an average weekly wage of $23.08. On this date, in the course of his employment, he was fixing a window blind in a recessed window and was repairing the rope or cord which ran through a pulley at the top of the window about eleven feet and nine inches from the ground. For that purpose he had placed a ten foot step ladder sideways to and parallel with said window. He was seen standing on the third rung from the top of the ladder about fifteen minutes prior to being found on the floor face down, between the side of the ladder and the seats of the schoolroom with one arm under the length of the seat.
 

 The deceased, when found, was thrashing around, mumbling to himself and endeavoring to get on his el
 
 *278
 
 bows. He had a brush burn on the back of his hand, a large lump on his right shoulder and a small contusion on his head. The evidence shows that decedent had gone to his work that morning uninjured and in good health. The medical testimony for the claimant was to the effect that the injury to the head or the cerebral hemorrhage, which deceased sustained and resulted in his death several hours later, was caused by a fall. There was no testimony of any kind introduced on behalf of the defendant.
 

 It is a fair deduction from all the evidence establishing the circumstances attending the occurrence that the deceased lost his balance and fell. As a result of the fall he sustained the intracranial injury which caused his death.
 

 It is well settled that the probable nature of an accident followed by death, for which compensation is claimed, may be established by circumstantial evidence alone:
 
 Nazarey et al. v. Lehigh Coal Co.,
 
 131 Pa. Superior Ct. 93, 198 A. 899. The compensation authorities whose duty it is to find the facts,' may find them either from direct proof, circumstantial evidence, or by inference from other facts:
 
 Haddock v. Edgewater Steel Co. et al,
 
 263 Pa. 120, 106 A. 196.
 

 It is our opinion that the record discloses legally competent evidence to sustain the finding by the compensation authorities that decedent sustained a fall while engaged in his employment. For as stated in
 
 Flucker v. Carnegie Steel Co.,
 
 263 Pa. 113, 119, 106 A. 192, “a controlling finding that an employee was killed in a particular manner, reasonably indicated by the circumstances shown in the underlying findings, cannot properly be held to be without support upon the record.”
 

 Judgment affirmed.