This is an appeal from a judgment of the Essex County Court in favor of the petitioner.
The decedent Frank Jochim was employed by the appellant Montrose Chemical Co. as a chemical operator in charge of a department making ergosterol. He had a key to his employer's plant and his duties generally included opening the department in the morning and closing it at night. He would customarily leave home in his street clothes and change into his work clothes at the plant. On the morning of January 29, 1943, he left for work in his street clothes. Shortly thereafter, police officers, pursuant to a telephone call from another employee, arrived at the plant and found the decedent's body in work clothes lying on the concrete floor, his feet near steps leading to a platform on which vats were located. One of the police officers testified that the decedent's feet were "very close to the stairs;" that the "floor was slippery and moist;" and that the stairs were also "moist." Decedent's duties included not only the performance of work at the floor level, but also the mounting of the steps and the checking of the vats on the platform. An autopsy by Dr. Martland, chief medical examiner of Essex County, disclosed that the decedent was about 54 years of age, his general health had been "good for his age," and his death was caused by a fracture of the skull.
Dr. Martland's testimony indicated his belief, confirmed by the admitted attendant circumstances, that the decedent sustained his fractured skull at or near the point where his body was found. On cross-examination he was asked whether the death could have been the result of an assault and, in response, testified, "He could have been struck with some blunt instrument although there were no such pattern marks on his head." There is nothing whatever in the record to support the suggestion that the decedent might have been criminally attacked and there is no justification for so inferring. See *Page 159 Brooks v. Essex Warehouse Co., 137 N.J.L. 206, 208 (E. A.
1948).
We are satisfied from the evidence presented that the petitioner satisfactorily carried the burden of establishing the probability that while the decedent was engaged in his work, he slipped and fell and his fall resulted in a fractured skull which caused his death. In view of our recent decision in Marston v.Curtiss Wright Corp., 1 N.J. Super. 107, 62 A.2d 696 (App.Div. 1948), which dealt with somewhat similar circumstances and cited pertinent authorities, we see no occasion for extended discussion here. We find, as did the Essex County Court, that the death of the decedent resulted from an accident which arose out of and in the course of his employment and that the petitioner was entitled to the award, as allowed, under the Workmen's Compensation Act.
Judgment affirmed.