Washko, Appellant, *v.* Ruckno, Inc.

Argued March 5, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*John F. Boyle,* for appellant.

*James P. Harris,* for appellee.

OPINION BY WRIGHT, J., March 26, 1956:

This is a workmen's compensation case. Following the death of her husband, Mary Washko filed a claim petition. The Referee made an award which was affirmed by the Board. The lower court reversed and entered judgment for the defendant. This appeal followed.

Michael J. Washko, aged 63, died on November 7, 1953 at 8:45 a.m. while a passenger in a truck driven by John L. Lacina at the intersection of Murray and Shoemaker Streets in Forty Fort. Washko and Lacina were employed as landscape gardeners by George L. Ruckno, Inc. Their usual working day was from 8:00 a.m. to 4:30 p.m. On the date in question, Washko and Lacina drove to work in the latter's truck, arriving about 7:40 a.m. There had been a severe snow storm and the weather was cold. The snow was approximately a foot deep. Washko and Lacina reported to the superintendent who said: "There would be work for us; our usual work we wouldn't do . . . but there is plenty of work to clean up sidewalks and get the place in order". In the meantime other employes were arriving in automobiles. Several of these cars became "all stuck and jammed up". Washko and Lacina were instructed to push these cars around. From 7:50 a.m.

to 8:15 a.m. they shoveled snow and pushed cars. Lacina testified that his heart was pounding, and that both he and Washko were perspiring. They were then told by the superintendent that there would be no further work. Shortly thereafter, they left the Ruckno premises in Lacina's truck. On the way home Washko breathed heavily and collapsed. Dr. Robert Peters of Forty Fort was summoned immediately and, upon his arrival, found that Washko had expired.

There was no post-mortem examination. The award was based upon a finding by the compensation authorities that Washko died of a heart attack which was caused by overexertion in the course of his employment. The reversal by the lower court was based upon the absence of medical testimony showing any causal connection between the overexertion and the subsequent death. In determining this question, since she has the award, claimant is entitled to have the evidence examined in the light most favorable to her: *Nazarey v. Lehigh Valley Coal Co.*, 131 Pa. Superior Ct. 93, 198 A. 899.

The only medical testimony adduced by claimant was that of Dr. Peters, which was substantially as follows: that Washko died from a heart attack; that the usual kind of heart attack causing sudden death is a coronary occlusion; that it is possible that Washko could have died from a ruptured aorta; that in such event exertion could be the instigating factor, but that an aortic aneurysm can rupture spontaneously; that exertion could also be the instigating factor in causing a coronary occlusion, but that a coronary occlusion can occur while one is asleep; and that he could not determine just what caused Washko's death in the absence of a post-mortem examination.

An accident may not be inferred merely because an injury has been suffered, nor can an injury be in-

ferred simply because an accident has happened: *Royko v. Logan Coal Co.*, 146 Pa. Superior Ct. 449, 22 A. 2d 434. It was claimant's duty to prove that her husband's death resulted from the alleged overexertion: *Adamchick v. Wyoming Valley Collieries Co.*, 332 Pa. 401, 3 A. 2d 377. Where there is no obvious causal relationship, unequivocal medical testimony is necessary to establish the causal connection: *Rich v. Philadelphia Abattoir Co.*, 160 Pa. Superior Ct. 200, 50 A. 2d 534. In such event the medical witness must testify, not that the injury or condition might have, or even possibly did, come from the assigned cause, but that in his professional opinion the result in question did come from the assigned cause: *Vorbnoff v. Mesta Machine Co.*, 286 Pa. 199, 133 A. 256. And see *Wargo v. Pittsburgh Railways Co.*, 376 Pa. 168, 101 A. 2d 638. A less direct expression of opinion does not constitute legally competent evidence: *Menarde v. Philadelphia Transportation Co.*, 376 Pa. 497, 103 A. 2d 681.

Our examination of this record leads us to fully agree with the court below that claimant did not meet the burden which the law imposes upon her. Nowhere in his testimony does Dr. Peters state that Washko died as a result of a heart attack which was caused by overexertion. The principal contention of appellant's counsel is that the establishment of a causal connection did not depend solely upon the testimony of Dr. Peters, because the death was the immediate and direct, or natural and probable, result. He cites *Kucinic v. United Engineering and Foundry Co.*, 110 Pa. Superior Ct. 261, 168 A. 344; *Benci v. Vesta Coal Co.*, 131 Pa. Superior Ct. 435, 200 A. 308; *Davis v. Davis*, 80 Pa. Superior Ct. 343; *Witt v. Witt's Food Market*, 122 Pa. Superior Ct. 557, 186 A. 275; *Mohr v. Desimone and Sayers*, 110 Pa. Superior Ct. 44, 167 A. 504; *Utzman v. Pennsylvania Rubber Co.*, 96 Pa. Superior Ct. 463;

610

and *Tabuteau v. London Guarantee and Accident Co.*, 351 Pa. 183, 40 A. 2d 396. The situation presented in each of these cases is readily distinguishable. The *Kucinic, Benci,* and *Davis* cases involved immediate eye injuries concerning which there was medical testimony that the ensuing condition was the probable result. Similarly in the *Witt, Mohr, Utzman* and *Tabuteau* cases there were immediate manifestations of an injury, as well as some supporting medical testimony.

It should perhaps be further noted that, in each of the heart cases relied upon by the Board, there was positive medical testimony which clearly met the required standard. See *Manikowski v. Morris Run Coal Mining Co.,* 163 Pa. Superior Ct. 118, 60 A. 2d 344; *Lemmon v. Pennsylvania Department of Highways,* 164 Pa. Superior Ct. 254, 63 A. 2d 684; *Updegraff v. Pennsylvania Game Commission,* 163 Pa. Superior Ct. 112, 60 A. 2d 605; *Barr v. Atlantic Elevator Company,* 124 Pa. Superior Ct. 57, 187 A. 815. We are all in accord that Washko's death in the case at bar was not so immediately and directly, or naturally and probably, the result of his alleged overexertion as to obviate the necessity for unequivocal medical testimony establishing a causal connection.

Judgment affirmed.