## Hamilton, Appellant, *v.* Albert M. Greenfield, Inc.

Argued October 7, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Perrin C. Hamilton,* with him *Hamilton, Smith & Darmopray,* for appellant.

*Raymond J. Porreca,* with him *Raymond A. White, Jr.,* for appellee.

OPINION BY HIRT, J., November 12, 1957:

The claimant was a painter in the employ of the defendant. On July 21, 1955 he, with another employe, was painting a washroom in the Land Title Building in Philadelphia. In the course of the work, according to claimant's testimony, it became necessary to move a stepladder which supported one end of a plank on which the men were working. Claimant testified that he climbed down from the plank to the floor below while the other painter remained on the plank; and that in his attempt to move the ladder he said he felt a severe pain in his chest as though he had "pulled a muscle" and he fell to his knees on the floor. A half-hour later he was taken to Jefferson Hospital. He was put to bed where he was obliged to stay for twenty-one days. As an ambulatory patient he remained in the hospital for two additional weeks. He hasn't worked since, and in this case he sought workmen's compensation alleging that his total disability resulted from accident.

The referee found that claimant in moving a ladder suffered an accident, inferentially from over-exertion and accordingly entered an award for total disability. The board however set aside the referee's findings and, for them, substituted the following: "On July 21, 1955,

while in the employ of the defendant, claimant suffered an ailment, and did not meet his burden of proof as to the nature, cause and resulting disability which he subsequently suffered." And in reversing the referee the board concluded as a matter of law: "Since the claimant has failed to prove that his disability resulted from an accident within the meaning of the Act and further since he failed to prove the cause of his disability, he is not entitled to compensation." Accordingly claimant's petition was dismissed; on appeal judgment was entered for the defendant by the court.

Disability overtaking an employe at work is not compensable unless it is the result of an accident. *Good v. Pa. Dept. of Prop. & Sup. et al.,* 346 Pa. 151, 30 A. 2d 434. And an accident cannot be inferred merely from an injury (*Adamchick v. Wyoming Val. Col. Co.,* 332 Pa. 401, 3 A. 2d 377); there must be evidence, either direct or circumstantial of an accident, together with proof of resulting injury to justify an award of compensation. *Ferraro v. Pgh. Term, Coal Corp.,* 142 Pa. Superior Ct. 22, 15 A. 2d 559. The record in this case indicates that claimant while painting had suffered a sudden onset of severe chest pains in 1955 and was then taken to the hospital for relief. About two years later he had a similar seizure while carrying bricks. He also had suffered chest pains from infected teeth. Moving ladders was a part of claimant's regular work. The principle of *Rovere v. Interstate Cemetery Co.,* 164 Pa. Superior Ct. 233, 63 A. 2d 388 therefore does not apply, and claimant did not allege nor prove aggravation of a pre-existing condition under circumstances from which a compensable accident could be inferred. Cf. *Rathmell v. Wesleyville Borough,* 351 Pa. 14, 40 A. 2d 28.

Although the board disallowed compensation these appeals are not ruled by an answer to the question (as, e.g., in *Kostello v. Kostello,* 159 Pa. Superior Ct. 194,

48 A. 2d 25) whether there was a capricious disregard of competent evidence in the refusal to find disability as a result of accident. Claimant in effect testified that he suffered injury from accident in that his total disability resulted from moving a stepladder while a fellow employe was standing upon a plank which rested upon it. The recollection of this other workman was to the contrary. He testified that claimant was stricken while claimant also was on the plank and the ladder which served as a scaffold from which they were painting the ceiling and the upper walls and not while moving the ladder. But even if claimant's testimony were accepted as verity it would not be enough to meet the burden on the claimant of proving compensable disability from accident.

All of the medical witnesses in this case were doctors who had attended claimant at Jefferson Hospital and who were called to testify on behalf of the defendant. The voluminous and detailed hospital records in this case attest to the high quality of the medical service received by the claimant in this case at the hands of these physicians. Dr. Edward A. Colcher, a specialist in the field of radiology who interpreted x-ray films taken almost immediately after claimant's seizure, testified that the condition of his heart indicated hypertension. And this medical expert found proof in the films of a pulmonary infarction, i.e., "one of the bronchi had been plugged by a foreign body coming from the vein." In his opinion this was "a serious affair" but in it there was "nothing traumatic [in its origin] as far as we could see." He said that clinical symptoms were present, and that the acute pain in the right chest was due to an infarction. He did admit however that the disability might have been of cancerous origin but he stated positively that "as far as exertion is concerned, exertion could not cause either one of those two condi-

tions." The testimony of Dr. Louis A. Soloff, a heart specialist, who examined claimant thoroughly, is to the same effect. He believed claimant's condition to be a mild myocardial infarction; and his examination failed to reveal that the lifting of the ladder was related to claimant's disabling ailment.

This case even on the claimant's own recital of facts, comes within the rule that "Where there is no obvious causal relationship, unequivocal medical testimony is necessary to establish the causal connection", between the employe's disability and the alleged over-exertion. *Washko v. Ruckno, Inc.,* 180 Pa. Superior Ct. 606, 121 A. 2d 456. Cf. also, *Rich v. Phila. Abattoir Co. et al.,* 160 Pa. Superior Ct. 200, 50 A. 2d 534; *Florig v. Sears, Roebuck & Co.,* 388 Pa. 419, 130 A. 2d 445. Claimant's testimony as to the nature, extent and the cause of his disability stands alone. He did not produce a single medical witness in support of his claim. In the absence of unequivocal medical testimony, on behalf of claimant, of a causal connection between his alleged over-exertion and a resulting injury claimant did not present a factual question for decision and the board rightly decided that claimant had not met the burden upon him of proving disability from accident under the circumstances.

The principle of *Anthony v. Lee Coal Company,* 168 Pa. Superior Ct. 397, 77 A. 2d 657 and *Meehan v. Philadelphia,* 182 Pa. Superior Ct. 161, 126 A. 2d 488, has no application.

Judgment affirmed.