Bednar, Appellant, *v.* Westinghouse Electric Corporation.

Submitted November 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Arnold D. Wilner, James Craig Kuhn, Jr.,* and *Wilner, Wilner and Kuhn,* for appellant.

*James J. Lawler,* and *Prichard, Lawler & Geltz,* for appellee.

OPINION BY RHODES, P. J., December 14, 1960:

This is a workmen's compensation case arising out of the death of claimant's husband. Claimant alleged that her husband's death from either cancer of the colon or the bleeding of a duodenal ulcer was the re-

sult of an accidental injury sustained in the course of his employment as a fitter for the Westinghouse Electric Corporation at East Pittsburgh, Allegheny County. The referee awarded claimant compensation. The Workmen's Compensation Board reversed the referee and found no causal connection between the death of the deceased and the accident suffered in the course of his employment. The County Court of Allegheny County affirmed the board. Claimant has appealed.

Appellant's argument is that the findings of fact and conclusions of law of the board are not consistent and cannot be sustained without a capricious disregard of the competent evidence.

On September 3, 1952, while employed by the appellee, the deceased, Joseph Bednar, received an injury to his left foot for which he was confined and treated at the Braddock General Hospital. Because of the infected condition of the foot, it was necessary to amputate it on February 21, 1953. Subsequently, a stipulation was entered into whereby Bednar was awarded compensation for the loss of the left leg for a period of 215 weeks. This award was entered on December 27, 1954.

On August 23, 1956, Bednar filed a further petition claiming that the loss of his leg disabled him totally and permanently. On September 11, 1956, this petition was withdrawn. Deceased had died on August 27, 1956. On November 29, 1956, claimant filed a petition seeking compensation for the death of her husband in which the cause of death was set forth as "cancer of colon, respiratory failure." The appellee filed an answer to the petition alleging that there was no causal connection between the injury received and the death of deceased.

On the record we find no sufficient proof of causal connection between the injury sustained by deceased on September 3, 1952, and his death on August 27, 1956.

Where there is a serious question whether disability or death is the result of an accident, unequivocal medical testimony is necessary. *Bannon v. Pittsburgh,* 145 Pa. Superior Ct. 201, 204, 21 A. 2d 500; *Hamilton v. Albert N. Greenfield, Inc.,* 184 Pa. Superior Ct. 443, 447, 135 A. 2d 797.

The medical testimony need not be recited in detail. It suffices to point out that Dr. Elmer S. A. King, a general practitioner who was called as a witness by claimant, in his testimony consistently used the phrase that it was his impression. He noted three possible causes of the bleeding (or exsanguination) which caused deceased's death; he further testified that his preliminary diagnosis was cancer of the rectum which was subsequently verified by a biopsy at the hospital; he said, however, that it was his impression that an ulcer caused the bleeding. When asked whether the leg injury had anything to do with deceased's death, he stated that he was unable to answer that.

Dr. Richard L. Wechsler, a gastroenterologist and clinical physiologist, also testified for claimant. He testified that he never saw the deceased in his lifetime but gave his opinion based on a hypothetical question; that it was his opinion that the series of stressful events which followed the injury produced chronic prolonged stress in the deceased, and that this series of events led to the development of the peptic or duodenal ulcer, which eventually bled and led to his death; that, however, the operation for cancer would also have a definite stressful effect on the ulcer which was not apparent at the time of the operation; that the cancer could have been a very good contributing factor; and that, to the best of his knowledge, the injury to the foot and the amputation of the foot had no connection with the cancer.

Dr. W. E. Backes, a practitioner in internal medicine, a witness for claimant, testified that the deceased

visited him subsequent to the amputation of his leg; that his examination revealed a severe hypertension; that he treated the patient for hypertension and discovered the fully developed cancer of the rectum; that the hypertension was due to many things, but whether or not it was due to all of deceased's pain, tension, frustration, aggravation, and anxiety, "and all those things he had," he could not say.

Dr. G. F. Long, a surgeon, called as a witness by the defendant, testified that he treated deceased for his foot injury beginning October 21, 1952; that the deceased had high blood pressure and a circulatory disturbance of the foot and osteomyelitis of the metatarsal bone; that he never received any history of an ulcer ailment; and that the bleeding might be from one of many causes.

Dr. George V. Foster, a surgeon and witness for defendant, testified that he was requested to be a consultant by Dr. King; that he observed the bleeding from the esophagus or the stomach or the upper part of the duodenum; that many causes for the bleeding existed, and that he could not be definite as to the cause. He testified on cross-examination that, in his opinion, assuming deceased did have an ulcer and that the bleeding came on after the operation, the aggravation would have been due to the operation for the removal of the cancer.

The board substituted one finding of fact[1] for that of the referee, and concluded that the claimant failed to prove by unequivocal medical testimony that deceased died as a result of a chain of events following

---

[1] "4. From all the testimony and evidence adduced, this Board finds as a fact that the accident of September 3, 1952, resulted in the amputation of decedent's left leg, in nowise led to the death on August 27, 1956, which death may or may not have been attributable to cancer of the colon, hemorrhage of a duodenal ulcer, varicose veins, gastric ulcer, or some other unascertainable cause."

his accidental injury sustained by him during the course of his employment.

Where the findings of the compensation authorities are adverse to claimant, the only question on appeal is whether the findings of fact can be sustained without a capricious disregard of the testimony and are consistent with each other and with the conclusions of law and the final order. *Hill v. Springfield Township Commissioners,* 193 Pa. Superior Ct. 12, 15, 163 A. 2d 698.

Claimant argues on this appeal that the board capriciously disregarded the competent medical evidence in making its determination that the injury sustained by the deceased was not the cause of his death. We find no merit in this contention.

Here the medical testimony does not go further than to indicate that death might have resulted or could have resulted from the leg injury as a contributing cause. This is not sufficient proof. To constitute unequivocal testimony to prove causal connection, the medical witnesses must testify, not that the injury or condition might have or even possibly did come from the assigned cause, but that in their professional opinion the result in question did come from the assigned cause. *Washko v. Ruckno., Inc.,* 180 Pa. Superior Ct. 606, 609, 121 A. 2d 456.

Furthermore, at most, if the medical testimony could be considered as somewhat conflicting, this would result in an issue of fact to be decided by the compensation authorities. The credibility of those qualified as experts is not reviewable as a matter of law; credibility of the witnesses is always for the finders of fact. *Boyle v. Boyle,* 174 Pa. Superior Ct. 188, 190, 100 A. 2d 385. See, also, *Cairgle v. American Radiator and Standard Sanitary Corporation,* 366 Pa. 249, 252, 77 A. 2d 439.

Our examination of this record leads us to fully agree with the board and the court below that claimant did not meet the burden which the law imposes upon her.

Judgment of the court below is affirmed.