MRS. LYNWOOD W. CALHOUN, WIDOW; MRS. LYNWOOD W. CALHOUN, NEXT FRIEND OF LINDA CALHOUN, PAM CALHOUN AND STEPHEN CALHOUN, CHILDREN OF LYNWOOD W. CALHOUN, DECEASED, EMPLOYEE, PLAINTIFFS v. KIMBRELL'S, INC., EMPLOYER AND EMPLOYERS MUTUAL CASUALTY COMPANY, CARRIER

No. 6912IC392

(Filed 22 October 1969)

1. **Master and Servant § 55—  workmen's compensation — death compensable — fall by employee — findings**

   Evidence that the employee was last seen sorting rugs on a balcony inside the employer's warehouse, that the balcony, which had no guard rail, was 10 feet above floor level, that stairs led from the warehouse floor to the balcony, that the employee was found in an unconscious condition at the foot of the stairs, and that medical examination revealed the employee

had sustained a linear skull fracture which resulted in his death, *is held* sufficient to support a finding and award by the Industrial Commission that the employee "in some unknown manner" sustained a fall arising out of and in the course of his employment; specific finding by the Commission that the employee fell "down the stairs leading from the floor to the balcony" is not supported by the evidence and is stricken.

**2. Evidence § 49— examination of experts — hypothetical question**

A hypothetical question to an expert witness may not be based on facts not in evidence.

APPEAL by defendants from an award of the North Carolina Industrial Commission filed 27 March 1969.

This is a proceeding under the Workmen's Compensation Act.

A claim was made by the widow and three infant children of Lynwood Calhoun for compensation for the death of Lynwood Calhoun who died 3 August 1967. On 21 July 1967 while engaged in his work with Kimbrell's, Inc., Lynwood Calhoun was found in an unconscious condition near the foot of some stairs leading to a balcony in the warehouse of Kimbrell's, Inc. He never regained full consciousness and died on 3 August 1967 at the North Carolina Memorial Hospital at Chapel Hill, North Carolina.

After hearing, Commissioner Shuford found the following facts:

"1.  On 21 July 1967 deceased employee engaged in sorting and stacking carpets at defendant employer's establishment as part of his job with his employer. Plaintiff worked on a balcony which was approximately 10 feet above the level of the floor. There was no railing around the balcony but there were stairs leading to the balcony with a railing on one side of the stairs.

2.  On the morning of 21 July 1967 plaintiff worked with Mr. W. E. Covington, assistant manager of defendant employer, in sorting the rugs. Plaintiff seemed normal and made no complaints during the morning. On the afternoon of 21 July 1967 plaintiff continued with the work of sorting the rugs on the balcony and was assisted in the work by Mr. Alvin Allen, a fellow employee. Mr. Allen was called away to help with a delivery, leaving deceased employee alone on the balcony.

3.  After Mr. Allen left deceased on the balcony the deceased in some unknown manner fell down the stairs leading from the floor to the balcony. Deceased was found in a semiconscious condition lying at the foot of the stairs by Mr. Covington.

4. Deceased employee sustained an injury by accident arising out of and in the course of his employment with defendant employer.

5. Following his accident deceased was carried to the North Carolina Memorial Hospital at Chapel Hill where he was admitted under the service of Dr. Robert L. Timmons, neurosurgeon. Deceased was found to have sustained a linear skull fracture on the posterior left side. He was only semi-conscious and seemed to have some loss of motor function on the right side of the face.

6. On the fifth day of deceased's hospitalization he became much worse and was operated upon by Dr. Timmons. Such operation revealed that there had been a contusion or bruising of deceased's brain which had resulted in swelling of the brain. This caused compression of the brain stem and resulted in the death of deceased on 3 August 1967. The death of deceased was a direct result of the injury by accident giving rise hereto."

On appeal to the Full Commission the Full Commission adopted as its own the findings of fact, opinion and award of Commissioner Shuford with one additional finding of fact as follows:

" '8. The deceased did not suffer from any acute ulcerated condition or from peritonitis prior to and at the time of his injury on July 21, 1967. The acute ulcerated condition existed for not more than from four to six days prior to the death of the deceased on August 3, 1967. The peritonitis had not existed for more than from two to four days prior to the death of the deceased on August 3, 1967. The deceased on July 21, 1967, sustained a contusion or bruise of his brain due to some sort of trauma and as a result of this contusion or bruise of the brain there was swelling of the brain with ultimate compression of his brain stem and as a result the deceased came to his death on August 3, 1967.' "

Defendants appealed.

*Lacy S. Hair for plaintiff-appellees.*

*Quillin, Russ, Worth & McLeod by G. S. Quillin for defendant-appellants.*

CAMPBELL, J.

Defendants make several assignments of error asserting for the most part that there was no competent evidence to support the

findings of fact and conclusions of law made by the Commission. There was one other assignment of error regarding the admission of evidence in the form of a hypothetical question asked one of the medical experts.

> "To be compensable under the Workmen's Compensation Act an injury must result from an accident arising out of and in the course of the employment. * * * Claimant has the burden of showing such injury. * * *" *Taylor v. Twin City Club,* 260 N.C. 435, 132 S.E. 2d 865.

[1]　　The evidence in the instant case shows that on 21 July 1967 Calhoun, Covington, Page and Allen were working during the morning hours on a balcony in the warehouse rearranging and stacking rugs for the purpose of taking an inventory. There was no guard rail around the balcony. Steps led up to the balcony, and these steps had a guard rail on one side only. About noon they stopped work for lunch. About 1:30 p.m. Calhoun and Allen returned to the balcony. At this time Covington and Page were talking at a point some 50 feet from the staircase. Allen left Calhoun on the balcony while he, Allen, went to check out a truck. After the passage of some 8 to 10 minutes Allen returned and found Calhoun at the foot of the steps leading up to the balcony. He was lying partly on his left side with his head leaning against an upright. Calhoun was unconscious at this time. His clothes were not torn and there were no marks about his face and no bleeding. Without ever regaining consciousness Calhoun died 3 August 1967. Dr. Timmons, a medical expert and an associate professor of surgery in the Division of Neurosurgery at the University Hospital testified that Calhoun had a linear skull fracture on the left side posterior. He expressed an opinion to the effect that Calhoun "sustained contusion or bruise of the brain due to some sort of injury, apparently on the left side. As a result of this, there was swelling of the brain which ultimately caused compression of the brain stem that caused cessation of breathing."

This evidence was ample to sustain all of the findings of fact with the exception of these words in Findings of Fact No. 3, "down the stairs leading from the floor to the balcony." There was no evidence to show that Calhoun fell down the stairs. The only evidence is to the effect that he was found lying near the foot of the stairs on the floor with his head "leaning against an upright." The question is thus presented as to whether this evidence would sustain the award. We are of the opinion that it does.

When Calhoun was found lying on the floor with his head against an upright and it later developed that he had a linear skull fracture,

this alone was sufficient to support a finding of fact that he had sustained a fall. It is not necessary that a witness observe the actual fall. In *Rewis v. Insurance Co.*, 226 N.C. 325, 38 S.E. 2d 97, the employee was in the washroom on the eleventh floor of the Security Bank Building in Raleigh. He was heard to say, "Please help me to the window, I am about to faint." Thereafter his body was found on an adjacent roof some nine floors below. No one saw him fall. A recovery was sustained.

In the case of *DeVine v. Steel Co.*, 227 N.C. 684, 44 S.E. 2d 77, the employee was discovered in an unconscious condition at the bottom of a sign and flagpole. One of the duties of the employee required him to stand on a cement platform and lower a flag from the flagpole each day. The exact cause of the fall was not determined. The Commission found that the fall was an accident arising out of the employment and a recovery was sustained.

In *Robbins v. Hosiery Mills*, 220 N.C. 246, 17 S.E. 2d 20 the employee was observed falling. The reason for the fall was unknown. A recovery was sustained.

In *Taylor v. Twin City Club*, 260 N.C. 435, 132 S.E. 2d 865 the employee was a waiter who fell at a doorway leading into the kitchen. His head struck a sharp edge of the door producing an injury which resulted in death. The record does not indicate whether anyone actually saw the fall or not. The Court stated:

> "It has been suggested that this result in unexplained-fall cases relieves claimants of the burden of proving causation. We do not agree. The facts found by the Commission in the instant case permit the inference that the fall had its origin in the employment. There is no finding that any force or condition independent of the employment caused or contributed to the accident. The facts found indicate that, at the time of the accident, the employee was within his orbit of duty on the business premises of the employer, he was engaged in the duties of his employment or some activity incident thereto, he was exposed to the risks inherent in his work environment and related to his employment, and the only active force involved was the employee's exertions in the performance of his duties."

We think the above authorities sustain the award made in this case.

[1, 2]    The words previously quoted in Finding of Fact No. 3, namely, "down the stairs leading from the floor to the balcony," should be eliminated as not supported by the evidence. It also fol-

lows that the hypothetical question asked Dr. Krigman was improper as it included words indicating some type of fall down the stairs. Since there was no evidence in the record to sustain that hypothetical question, it was improper. *Petree v. Power Company,* 268 N.C. 419, 150 S.E. 2d 749. Even after eliminating that question and the answer, however, the award in this case was proper.

Other jurisdictions, in substantially similar instances, have sustained a recovery. In *Leichleitner v. Coal Township School District, et al.,* 147 Pa. Super. Ct. 276, 24 A. 2d 50, a janitor was observed on a ladder at the third rung from the top repairing a cord on the window blinds. Some fifteen minutes later he was found face down on the floor at the foot of the ladder. He had a brush burn on his hand, a lump on his right shoulder, and a small contusion on his head. He had been in good health earlier in the morning. The cause of death several hours later was a cerebral hemorrhage. The court found that circumstantial evidence was sufficient to establish a fall and allow the inference of an accident.

In *Jochim v. Montrose Chemical Co.,* 4 N.J. Super. 157, 66 A. 2d 552, Affirmed, 3 N.J. 5, 68 A. 2d 628, an employee's duties required him to open the plant before work and to check a vat from a platform some distance from the floor. He was found in his work clothes by others coming to work, at the foot of the ladder leading to the platform. He had a fractured skull which caused death. No one saw what happened. The court stated:

"We are satisfied from the evidence presented that the petitioner satisfactorily carried the burden of establishing the probability that while the decedent was engaged in his work, he slipped and fell and his fall resulted in a fractured skull which caused his death."

The defendants rely upon the following cases:

*Vause v. Equipment Co.,* 233 N.C. 88, 63 S.E. 2d 173;
*Cole v. Guilford County,* 259 N.C. 724, 131 S.E. 2d 308;
*Jackson v. Highway Commission,* 272 N.C. 697, 158 S.E. 2d 865;
*Crawford v. Warehouse,* 263 N.C. 826, 140 S.E. 2d 548.

In each of those cases the employee had an idiopathic condition — that is, one arising spontaneously from the mental or physical condition of the particular employee — and the idiopathic condition was the sole cause of the injury.

In the instant case there was no evidence of any pre-existing idiopathic condition which in any way contributed to the fall of

Calhoun, to say nothing of such an idiopathic condition being the *sole* contributing factor.

With the modification of Finding of Fact No. 3 as indicated above by the elimination of the words "down the stairs leading from the floor to the balcony," we think the award should be

Modified and affirmed.

PARKER and GRAHAM, JJ., concur.