Sixto E. Pagan, Appellant *v.* Dewitt P. Henry Company and Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania, Appellees.

Argued October 7, 1976, before President Judge Bowman and Judges Crumlish, Jr. and Wilkinson, Jr., sitting as a panel of three.

*Angela M. Cerino,* with her *Elias H. Stein,* and *Stein and Silverman,* for appellant.

*Michael P. McKenna,* with him *Susan J. Poll, John F. McElvenny,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE WILKINSON, November 1, 1976:

This is a workmen's compensation case. On September 21, 1970, claimant, in the course of his employment, slipped and struck his head on a cement floor. He was treated that same day at Germantown Hospital, for a concussion, but refused to be admitted into the hospital. He was, however, admitted to Germantown Hospital the following day, but discharged himself, against medical advice, on October 5, 1970. The diagnosis at that time was mild cerebral concussion and possible sprain of the lumbar and cervical spine.

Shortly after the accident, claimant became quarrelsome and aggressive at home and began to increase his consumption of alcohol. This behavior resulted in his admission to Hahneman Hospital in April of 1971. His condition, when discharged, was diagnosed as possible undifferentiated schizophrenia. On March 8, 1971, claimant filed a Claim Petition alleging total disability caused by head injury and brain damage, resulting from his fall.

Claimant was awarded benefits by the referee, who found that claimant's "schizophrenia" was caused by

his fall at work on September 21, 1970. On appeal, in a decision dated December 31, 1975, the Workmen's Compensation Appeal Board (Board) dismissed the claim, finding that there was "not sufficient competent evidence to sustain a finding of causation nor an award."

The essential question in this case is whether or not the accident (claimant's falling and striking his head) was the cause of his schizophrenia. The burden of proof herein was on the claimant to establish such causal connection by competent evidence. *Malocheski v. Consolidated Cigar Corp. et al.*, 12 Pa. Commonwealth Ct. 430, 316 A.2d 81 (1974). To this end, claimant presented solely the testimony of Dr. Hamann, a psychiatrist, who stated:

> We are aware that injury of appreciable degree to any part of the body may occasionally serve as a contributory or precipitatory agent in schizophrenia in persons predisposed to this illness and that appears to be the case of Mr. Sixto Pagan. My diagnosis was a schizophrenia, chronic undifferentiated type, active and 100% disabled.

It is the above testimony which the Board found insufficient on the question of causation. We agree.

The standard that has been followed by this Court was set down in the case of *Washko v. Ruckno, Inc.*, 180 Pa. Superior Ct. 606, 609, 121 A.2d 456, 457 (1956):

> Where there is no obvious causal relationship, unequivocal medical testimony is necessary to establish the causal connection. [citation omitted.] In such event the medical witness must testify, not that the injury or condition might have, or even possibly did, come from the assigned cause, but that in his professional opinion the result in question did come from the assigned cause. [citations omitted.] A less direct expression of opinion does

498

not constitute legally competent evidence. [Citation omitted.]

Our examination of the testimony of Dr. Hamann leads us to fully agree with the Board. Dr. Hamann's statement as to causation, quoted above, simply does not meet the test of *Washko, supra*. Aside from the tenuous and speculative wording employed by Dr. Hamann, his later testimony on cross-examination reveals many other equally possible causes for claimant's schizophrenia (narcotic drugs, alcohol, stressful situations with family, to name a few). Nowhere in his testimony does Dr. Hamann ever state that "in his professional opinion the result in question did come from the assigned cause."

More simply stated—as the result is less apparent from the accident, the medical testimony must be more definitive.

Accordingly, we will enter the following

ORDER

Now, November 1, 1976, the order of the Workmen's Compensation Appeal Board, No. A-70423, dated December 31, 1975, dismissing the claim of Sixto Pagan, is hereby affirmed.