**Ronald W. NIKLAUS, D.D.S., and Mary Niklaus, Plaintiffs,**

v.

**VIVADENT, INC., U.S.A., Patterson Dental Supply Co., and Vivadent Liechtenstein, Defendants.**

No. 4:CV–87–1760.

United States District Court, M.D. Pennsylvania.

July 11, 1991.

John C. Youngman, Jr., Allen E. Ertel, Williamsport, Pa., for plaintiffs.

John E. Person, III, Cynthia E. Ranck, Williamsport, Pa., for defendants Vivadent, Inc., U.S.A. and Vivadent Liechtenstein.

Jonathan E. Butterfield, Williamsport, Pa., for defendant Patterson Dental Supply Co.

## MEMORANDUM

McCLURE, District Judge.

## I. BACKGROUND

This is a diversity action commenced by Plaintiffs on December 18, 1987. The complaint alleges that a dental resin curing light known as the "Heliomat" which is distributed and/or sold by the defendants and used in the dental practice of Plaintiff, Dr. Ronald W. Niklaus, caused eye damage to Dr. Niklaus. Plaintiffs assert claims in strict liability, breach of warranty, negligence and loss of consortium.

A jury was selected July 1, 1991 (per order of March 27, 1991), and presentation of the case is scheduled to commence July 15, 1991 (per order of April 4, 1991).

Currently before the court are several recent motions of defendants Vivadent, Inc., U.S.A. and Vivadent ETS (referred to collectively as "Vivadent").[1] These include three motions in limine to exclude plaintiffs' expert testimony for various reasons, a motion for summary judgment based on plaintiffs' failure to retain a medical expert to establish causation and a motion to dismiss due to the continuous failure of plaintiffs' counsel to comply with relevant procedural rules and deadlines.

## II. DISCUSSION

■ On June 27, 1991, Vivadent filed a motion to dismiss due to the continuous failure of plaintiffs' counsel to comply with procedural rules and deadlines. Defendant Patterson Dental Supply joined in this motion. In addition to the failure of plaintiffs' counsel to submit expert reports in a timely manner, his pre-trial memorandum was filed late and failed to comply with Local Rule 410, which requires the submission of a witness list and pre-numbered schedule of exhibits, with a brief identification of each, on the clerk's exhibit form. Plaintiffs' exhibit list includes such entries as "Book", "Posters" and "Literature". This same list was submitted to defense counsel in violation of Local Rule 408.3, which requires the parties to present their exhibits for examination. Despite numerous requests by defendants, Dr. Niklaus was not deposed until June 22, 1991. The missed deadlines and late compliance with discovery requests on the part of plaintiffs' counsel are too numerous to mention. At the June 28, 1991, pre-trial conference, the Court had the opportunity to witness firsthand plaintiffs' counsel's lack of preparedness in this matter. A review of his conduct in this matter reveals a gross lack of consideration for the procedural rules which were enacted to ensure the fair and orderly administration of justice.

While Vivadent requests that we dismiss this case due to counsel's conduct, there has been no suggestion that the plaintiffs were personally responsible for their attorney's conduct. The plaintiffs themselves should not be subjected to such a dire penalty for conduct which was not of their own doing. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Indeed, it would be more appropriate to impose on plaintiffs' counsel the costs, including attorney's fees, of prepar-

---

1. Vivadent ETS is incorrectly referred to in the caption as Vivadent Liechtenstein.

ing motions and briefs which were prompted by his dilatory conduct.[2] *Id.* at 869.

Also on June 27, 1991, Vivadent filed a motion for summary judgment. Defendant Patterson Dental Supply again joined in Vivadent's motion. Vivadent argues that plaintiffs cannot establish the prima facie element of causation due to their failure to retain a medical expert who will testify to the causal connection between Dr. Niklaus' medical condition and the use of the Heliomat light. Vivadent claims that the testimony of plaintiffs' proposed expert, Marcus D. Benedetto, is insufficient to prove causation, because Benedetto is not a medical doctor and is not otherwise qualified to provide a medical diagnosis of Dr. Niklaus. They correctly point out that a necessary prerequisite to causation is the medical diagnosis of an impairment consistent with the professed cause. It is significant to note that this argument goes to the sufficiency of the evidence on causation rather than to the admissibility of Benedetto's testimony.

■ "Pennsylvania law is clear that in a personal injury case when there is no obvious causal relationship between the accident and the injury, unequivocal medical testimony is necessary to establish the causal connection." *Albert v. Alter*, 252 Pa.Super. 203, 224, 381 A.2d 459, 470 (1977) (citing *Smith v. German*, 434 Pa. 47, 253 A.2d 107 (1969); *Florig v. Sears, Roebuck & Co.*, 388 Pa. 419, 130 A.2d 445 (1957); *Washko v. Ruckno, Inc.*, 180 Pa.Super. 606, 121 A.2d 456 (1956); *Rich v. Philadelphia Abattoir Co.*, 160 Pa.Super. 200, 50 A.2d 534 (1947)); see also *Maliszewski v. Rendon*, 374 Pa.Super. 109, 542 A.2d 170 (1988); *Lattanze v. Silverstrini*, 302 Pa. Super. 217, 448 A.2d 605 (1982). An obvious causal relationship exists when the injury is either an "immediate and direct" or the "natural and probable" result of the complained of act. *Lattanze v. Silverstrini*, 302 Pa.Super. 217, 223, 448 A.2d 605, 608 (1982) (citations omitted). The injury and the act must be so closely connected that a lay person could diagnose the causal connection. *Id.*

The instant matter clearly falls in the category of cases requiring expert medical testimony. Consequently, the only issue is whether the testimony offered by plaintiffs' lone expert, Benedetto, is expert medical testimony. "[S]uch testimony is needed to establish that the injury in question did, *with a reasonable degree of medical certainty*, stem from the [complained of] act." *Hamil v. Bashline*, 481 Pa. 256, 266, 392 A.2d 1280, 1285 (1978) (emphasis added). Although it may reasonably be inferred from the requirement of expert *medical* testimony that only a medical doctor may testify, this is not explicitly stated in the Pennsylvania case law reviewed by this court. Therefore, for the purpose of this memorandum, we will assume that under some rare circumstances, Pennsylvania law may allow a personal injury case in which there is no obvious causal relationship to be submitted to a jury on the basis of causation testimony presented by a qualified expert other than a medical doctor.

■ Expert medical testimony on causation requires the witness to offer expert medical testimony on the injury itself and the relationship between the injury and the alleged cause. Consequently, an expert offered by plaintiffs on the issue of causation in this case must be an expert in diagnosing, and in determining the cause of, injuries to the eye.

■ Benedetto's relevant background includes a Ph.D. in visual science, four years experience as a pre-doctoral fellow at the University of Florida Department of Ophthalmology, and he has written articles and made presentations pertaining to light curing units and ophthalmic concerns. However, nothing in Benedetto's background indicates that he is qualified to make a medical diagnosis of Dr. Niklaus' condition. Indeed, his examination of plaintiff amounted to nothing more than measuring plaintiff's performance on a series of eye charts. While plaintiff's claimed

---

**2.** In the Court's view, this would include the motion to dismiss and the motion to exclude the testimony of experts for whom reports were submitted after the May 15, 1991 deadline. Vivadent may conclude that the conduct of plaintiffs' counsel prompted other motions.

loss of visual capacity is significant in this case, this claim is meaningless without a diagnosis of the underlying defect or physical abnormality which manifests itself as a loss of visual capacity. Benedetto's proffered testimony on causation merely matches a symptom with what he believes is a probable cause.[3] It is axiomatic that any one symptom could have numerous underlying causes.[4]

Since Benedetto is not qualified by training or experience to diagnose medically the actual injury to Dr. Niklaus' eyes, his testimony cannot establish causation in the instant matter, Cf. *Novak v. Workmen's Compensation Appeal Board*, 59 Pa. Cmwlth. 596, 602, 430 A.2d 703, 706 (1981) (Although expert microbiologist was not a medical doctor, he testified well within the scope of his practice or profession when he explained the effects of leptospirosis on the human body, the methods of testing for the disease, and the negative results of tests), and because plaintiffs have failed to offer any other expert medical testimony on the issue of causation, summary judgment will be entered in favor of the defendants.

This disposition of plaintiffs' claim renders Vivadent's motions in limine moot, and they will be denied as such.

We therefore enter the following order.

## ORDER

For the reasons stated in the accompanying memorandum, IT IS ORDERED THAT:

1. Defendant Vivadent's motion in limine (record document # 88, filed June 3, 1991) to exclude the testimony of Marcus D. Benedetto is denied as moot.

2. Defendant Vivadent's motion in limine (record document # 94, filed June 21, 1991) to exclude testimony of Benedetto not contained in his expert report is denied as moot.

3. Defendant Vivadent's motion in limine (record document # 92, filed June 21, 1991) to exclude the testimony of experts from whom reports were not submitted prior to the Court's May 15, 1991 deadline is denied as moot.

4. Defendant Vivadent's motion (record document # 100, filed June 27, 1991) to dismiss due to the continuous failure to comply with procedural rules and deadlines by plaintiffs' counsel is denied. However, within ten days of the date of this order, the defendants may submit memoranda, with supporting documentation, in support of an order imposing sanctions on plaintiffs' counsel. The memoranda shall detail Vivadent's and Patterson Dental Supply's costs, including attorney's fees, of presenting motions and briefs prompted by the conduct of plaintiffs' counsel outlined in the accompanying memorandum. Plaintiffs' counsel shall have ten days from date of service of defendants' memoranda within which to file a response.

5. Defendant Vivadent's motion (record document # 98, filed June 27, 1991) for summary judgment is granted. Entry of judgment in favor of all of the defendants and against the plaintiffs will be deferred until disposition of the sanctions issue.

6. The jury selected July 1, 1991 is discharged.

---

**3.** Although Benedetto states in his report that his conclusions as to causation are made with a "reasonable degree of scientific certainty", this incantation of legal rhetoric does little to remedy the defects in his proffered testimony.

**4.** A person may limp for many different reasons.